## *In re* HASKELL.

### *(Circuit Court, S. D. Ohio.* November 14, 1892.)

#### No. 629.

1. HABEAS CORPUS—WHEN LIES—PRESUMPTIONS.
   Where a man has been indicted, tried, convicted, and sentenced by a state court having jurisdiction of the prisoner and the crime charged, and authority to pronounce the particular sentence, it will be conclusively presumed, in *habeas corpus* proceedings in a federal court, that the state adduced sufficient evidence to sustain the judgment.

2. SAME—BILL OF EXCEPTIONS NOT A PART OF THE RECORD.
   The bill of exceptions in a criminal case is not a part of the record, in such sense that a court may look into it on *habeas corpus* proceedings collaterally attacking the judgment.

3. SAME—ISSUANCE OF THE WRIT.
   Under Rev. St. § 755, the writ should not issue unless the petition itself shows that the party is entitled thereto.

Petition for *habeas corpus* and *certiorari*.   Denied.

Statement by TAFT, Circuit Judge:

This is a petition for *habeas corpus* filed by George P. Haskell, and is as follows:

"*In the United States Circuit Court in and for the Southern District of Ohio.*

"*Ex parte George P. Haskell.* Petition and complaint for a writ of *habeas corpus* and *certiorari:*

"The above-named George P. Haskell, relator herein, makes this his complaint, and alleges and says that at the September, A. D. 1891, term of the court of common pleas in and for the county of Lucas and state of Ohio, he (relator) was indicted and charged with having committed the crime of 'forgery and uttering a forged instrument,' which is a felony under the laws of Ohio; that, under the allegation in said indictment, the said common pleas court of Lucas county, Ohio, was the only court in said state of Ohio that had jurisdiction to entertain a judicial trial of relator upon said charges; that said cause was entitled, 'The State of Ohio vs. George P. Haskell;' that on the fourth day of February, A. D. 1891, the said common pleas court of Lucas county, Ohio, did then and there proceed to the trial of said cause, and upon said trial the said state of Ohio, as plaintiff therein, offered and introduced all testimony and evidence it possessed against the said George P. Haskell in said cause; that the law of the state of Ohio in such cases requires of the state, as plaintiff, to prove, among other things, that the alleged offense, if committed at all, was committed in the said county of Lucas and state of Ohio. Relator also alleges and avers that the said state of Ohio, as plaintiff therein, did not produce or offer any proof or evidence that the said alleged offense was committed in said Lucas county, but passed the said fact and material allegation unproved; that, without the said fact and allegation being affirmatively proven by the said state, [plaintiff,] the said common pleas court of said Lucas county, Ohio, did not possess under the law any power or authority to pass judgment and sentence upon the defendant therein, who is relator herein; that at the conclusion of said trial a verdict of ' Guilty' was by the jury returned into said court, whereupon said court then and there proceeded to pass sentence and judgment against relator, and sentenced him to be confined in the Ohio penitentiary for a term of five years, for having committed the crime of forgery; that relator has been since the eleventh day of February, 1892, and still is, confined and imprisoned by virtue solely of said sentence and judgment in the Ohio penitentiary at Columbus, Ohio; that relator has exhausted each and every and all proceedings in all of the courts of the state of Ohio for his relief; that as a matter of fact the alleged 'forgery' for which he is so imprisoned was not committed in the county of Lucas, Ohio; that the bill of exceptions in said cause is by an order of said court made a part of the record of said cause, as provided by section 5302 of the Revised Statutes of Ohio; that said bill of exceptions contains all of the proof and evidence offered by the state of Ohio tending to prove where said alleged forgery was claimed to have been committed; that he is by means of said proceedings denied by the state of Ohio the equal protection of the law while within the jurisdiction of said state, and said imprisonment is in violation of the constitution of the United States, and therefore null and void. All of which more fully appears from the files and records of the said common pleas court of Lucas county, Ohio, in the said cause of The State of Ohio vs. George P. Haskell, which are now in the possession of John P. Bronson, Esq., clerk of said court of common pleas of said Lucas county, Ohio, at the city of Toledo, in said county. Wherefore, the said George P. Haskell, relator herein, prays that a writ of *habeas corpus* may issue to C. C. James, Esq., as warden of the Ohio penitentiary at the city of Columbus, Ohio, that he bring up the body of relator, and show his cause for said imprisonment; also that a writ of *certiorari* issue to John P. Bronson, Esq., as clerk of the common pleas court of Lucas county,

Ohio, at the city of Toledo, in said county, that he forthwith forward to this court all and singular the files and records of the case of State of Ohio vs. George P. Haskell, and relator will ever pray.

"GEORGE P. HASKELL.

"*State of Ohio, Franklin County—ss.:* George P. Haskell, who, being duly sworn according to law, deposeth and saith that he is the relator in the foregoing petition, and the facts therein set forth are true.

"GEORGE P. HASKELL.

"Subscribed and sworn to before me this 7th day of Nov., A. D. 1892.
[Seal.]                    "S. A. STERNBERGER, Notary Public."

TAFT, Circuit Judge, (*after stating the facts.*)  The petition is accompanied by what is averred to be a true copy of all the journal entries, including the indictment.  The sections under which this court has power to issue a writ of *habeas corpus* are as follows:

"Sec. 751. The supreme court and the circuit and district courts shall have power to issue writs of *habeas corpus.*

"Sec. 752. The several justices and judges of said courts, within their respective jurisdictions, shall have power to grant writs of *habeas corpus* for the purpose of an inquiry into the cause of restraint of liberty.

"Sec. 753. The writ of *habeas corpus* shall in no case extend to a prisoner in jail, unless where he is in custody under or by color of the authority of the United States, or is committed to trial before some court thereof, or is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof; or is in custody in violation of the constitution or of a law or treaty of the United States; or, being a subject or citizen of a foreign state and domiciled therein, is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission or order or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations; or unless it is necessary to bring the prisoner into court to testify.

"Sec. 754. Application for writ of *habeas corpus* shall be made to the court or justice or judge authorized to issue the same, by complaint in writing, signed by the person for whose relief it is intended, setting forth the facts concerning the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known.  The facts set forth in the complaint shall be verified by the oath of the person making the application.

"Sec. 755. The court or justice or judge to whom such application is made shall forthwith award a writ of *habeas corpus,* unless it appears from the petition itself that the party is not entitled thereto.  The writ shall be directed to the person in whose custody the party is detained."

It is apparent from section 755 that, if it appears from the petition itself that the relator is not entitled to his discharge, the court should deny his petition without issuing the writ.  The section only declares the common-law practice in this respect.  Hurd, Hab. Corp. 222; *Sims' Case,* 7 Cush. 285; *Ex parte Kearney,* 7 Wheat. 38.

It does appear from the petition herein that the petitioner is in lawful custody and should not be discharged.  His claim is that he was convicted without any evidence proving venue of the offense within the territorial jurisdiction of the Lucas county common pleas court; that he was thereby deprived of his liberty without due process of law, and

was denied the equal protection of the laws by the state of Ohio, in violation of the fourteenth amendment to the constitution of the United States; and that he is therefore now "in custody in violation of the constitution * * * of the United States," within the words of section 753, above given.

Without considering the question whether such a defect in the evidence, if it could be made to appear, would render the petitioner's conviction a violation of the amendment relied on by him, it is sufficient to say that it must be conclusively presumed from the averments of the petition, and the indictment and journal entries accompanying it, that the fact of the commission of the offense in Lucas county was made to appear from evidence to the trial court. It is clear from the papers presented that the petitioner was indicted by a grand jury, and was tried and convicted by a petit jury, that the court had jurisdiction of the offense charged in the indictment, and had jurisdiction to pronounce the sentence which was imposed on conviction of the offense charged. Whether the evidence before the court sustained the averments of the indictment is a question which cannot be examined in the collateral *habeas corpus* proceeding. When the indictment charges a crime within the jurisdiction of the court, and the record of the court shows a trial and conviction and a judgment, properly founded on the indictment and within the lawful jurisdiction, it is conclusively presumed, in a collateral attack, that the evidence adduced was sufficient to sustain the indictment and judgment.

The failure of the state of Ohio to prove the venue of the offense in Lucas county, as alleged by the petitioner, can only appear from a consideration of the bill of exceptions stating all the evidence; but the bill of exceptions is not a part of the record of a judgment into which a court may look, in a proceeding where the judgment is collaterally attacked. It is only a part of the record in direct proceedings on error for the examination of a reviewing court, and can never be considered in *habeas corpus* to test the validity of the judgment. For this reason it follows that the sentence pronounced, under which the prisoner is confined, was within the jurisdiction of the court, and that the petitioner is not illegally restrained of his liberty. The application for the writ is therefore denied.