ERICKSON v. HODGES, Sheriff.

(Circuit Court of Appeals, Ninth Circuit. May 23, 1910.)

No. 1,819.

1. HABEAS CORPUS (§ 62*)—PROCEDURE—DISMISSAL OF PETITION.

Under Rev. St. § 755 (U. S. Comp. St. 1901, p. 593), which provides that on an application to a federal court for a writ of habeas corpus the court or judge shall forthwith award a writ, "unless it appears from the petition itself that the party is not entitled thereto," where it appears from the petition that the case is not one which would justify the exercise of federal authority, it may be dismissed, and the court is not required to either award a writ or issue an order to the respondent to show cause.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 55; Dec. Dig. § 62.*]

2. HABEAS CORPUS (§ 45*)—HEARING IN FEDERAL COURT—MATTERS CONCLUDED BY DETERMINATION OF STATE COURT.

In a criminal prosecution in a state court, where the statute creating the offense is not repugnant to the federal Constitution, and the court has jurisdiction, its determination with respect to the sufficiency of the charge is controlling in the federal courts on an application by the accused for a writ of habeas corpus after conviction.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. § 45;* Courts, Cent. Dig. §§ 1376–1385.]

Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.]

3. HABEAS CORPUS (§ 45*)—HEARING IN FEDERAL COURT—MATTERS CONCLUDED BY DETERMINATION OF STATE COURT.

The determination by the highest court of a state that the offense charged in an indictment is one punishable under the laws of the state is conclusive in a subsequent proceeding by the accused in a federal court for release on a writ of habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. § 45;* Courts, Cent. Dig. §§ 1376–1385.]

4. STATUTES (§§ 118, 138*)—FORMAL REQUISITES—CONSTITUTIONAL PROVISIONS.

Laws Wash. 1891, c. 28, § 1 (Ballinger's Ann. Codes & St. § 6774 [Pierce's Code, § 1545]), amending section 782 of the territorial Code of 1881, relating to common-law offenses, is not in violation of Const. Wash. art. 2,.§ 27, as amending by mere reference to the title of the act amended, nor of section 19, as not expressing the subject of the act in the title, since it sets out the section as amended in compliance with the constitutional requirement, and also states in the title that it relates to the prosecution of public offenses, and gives the number of the section amended, which under the state decisions is sufficient.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 158–160, 205, 206; Dec. Dig. §§ 118, 138.*]

Appeal from the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Proceeding by A. Z. Erickson against Robert Hodges, Sheriff, for writ of habeas corpus. Judgment dismissing petition, and petitioner appeals. Affirmed.

Robert Welch and James L. Crotty, for appellant.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOLVERTON, District Judge.  A. Z. Erickson, the appellant, was on May 29, 1908, in the superior court of King county, state of Washington, convicted of the crime of conspiracy, alleged to have been entered into between himself and others, to prevent free and open competition in selling milk in the city of Seattle, and unlawfully and improperly to fix and control the price thereof, and was adjudicated to pay a fine of $500 and to serve a term of 10 days in the King county jail.  From this judgment he appealed to the Supreme Court of the state, and on November 5, 1909, the judgment was affirmed.  A remittitur having been sent down to the superior court, a commitment was issued and delivered to Robert Hodges, sheriff of King county, the appellee herein, directing him to execute the judgment.  Upon being taken into custody, appellant filed in the Circuit Court of the United States for the Western district of Washington a petition for a writ of habeas corpus.  By his petition he sets out in much detail the facts that an information was preferred against him, that he was tried and convicted, that he appealed to the Supreme Court, that the judgment below was affirmed, that a remittitur was sent down to the superior court, and that he is in custody by virtue of a commitment issued under such affirmed judgment.  When the petition was presented to the honorable judge of the Circuit Court, after due consideration it was dismissed without the issuance of an order to show cause or the awarding of a writ of habeas corpus.  From that judgment the petitioner prosecutes his appeal to this court.

The first question urged is that the Circuit Court should have either awarded the writ of habeas corpus or issued an order to show cause, so that the petitioner might be advised from the return of the sheriff having him in custody by what right he is being restrained of his liberty.  If there was error in the court's refusal to do either, it is hardly conceivable how the petitioner could have been injured, if in point of law his petition does not state a cause entitling him to the relief prayed.  He ought not to hope that the return of his custodian would come to the aid of his petition.  But to the inquiry.

Application for the writ is required to be made by complaint in writing, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known.  Thereupon it is prescribed that the court or judge before whom it is made "shall forthwith award a writ of habeas corpus unless it appears from the petition itself that the party is not entitled thereto."  Sections 754, 755, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 593).  And section 761 (page 594) further provides:

"The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

As is said by Mr. Justice Miller in the case of In re Burrus, 136 U. S. 586, 591, 10 Sup. Ct. 850, 852, 34 L. Ed. 500, after a discussion as to when the federal courts will issue the writ of habeas corpus:

"It is not now the law, therefore, and never was, that every person held in unlawful imprisonment has a right to invoke the aid of the courts of the United States for his release by the writ of habeas corpus.  In order to ob-

tain the benefit of this writ, and to procure its being issued by the court or, justice or judge who has a right to order its issue, it should be made to appear, upon the application for the writ, that it is founded upon some matter which justifies the exercise of federal authority, and which is necessary to the enforcement of rights under the Constitution, laws, or treaties of the United States."

To this case is subjoined a note giving the decision of Betts, District Judge, rendered in the Matter of Barry, where it appears that the court refused either to award the writ or to issue an order to show cause, but determined in the first instance whether the petitioner presented a case of which the court should take cognizance. The court there says:

"When the cause of imprisonment or detention shown by the petition satisfies the court that the prisoner would be remanded if brought up, the writ will not be awarded."

Again it is said by Taft, Circuit Judge, in Re Haskell (C. C.) 52 Fed. 795-797:

"It is apparent from section 755 that, if it appears from the petition itself that the relator is not entitled to his discharge, the court should deny his petition without issuing the writ."

The practice is thus stated in Re Lewis (C. C.) 114 Fed. 963, 965:

"The usual course on the application for the writ of habeas corpus is to issue the writ, and, on its return, to hear and dispose of the case. But when, as in this case, the cause of the imprisonment fully appears by the petition and the exhibits thereto, the practice prevails for the court to determine whether, on the facts presented in the petition, the prisoner, if brought before the court, would be discharged. Ex parte Milligan, 4 Wall. 2, 18 L. Ed. 281. And where the hearing is had without issuing the writ an order may be made requiring the officer or person holding the prisoner to show cause why the writ should not issue. Ex parte Yarborough, 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274. Where the return to the rule shows all the essential facts, the case may be disposed of as fully as if the writ had issued."

In the case of Ex parte Milligan, cited in the quotation, the cause was heard upon the petition alone, without an order to show cause or an awarding of the writ, and if we understand the procedure adopted in Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 28 L. Ed. 868, the same course was taken. So we are not without precedent for the course pursued in the case at bar. We do not understand that the petitioner was denied a hearing upon his petition. If not denied such hearing, it could make no difference to him that the order to show cause was not issued or the writ awarded. The petition was very full, and was designed no doubt to set forth the entire record under which he was arrested, tried, and convicted, and by virtue of which he is being held. Such being the case, there exists no good reason why the cause might not as well be determined upon the petition, and, if it appears therefrom that the petitioner would be remanded if brought before the court, the petition dismissed. The same result would have ensued if an order to show cause had been issued and a demurrer or other objection on account of insufficiency had been interposed, and the court had denied the petition. In such a case the custodian of the prisoner would not have been required to make further return. We take it that under the practice the judge may do either of three things,

when a petition for the writ is presented: First. If it appears therefrom that it does not state a cause for the issuance of the writ, and that the prisoner, if produced, would be remanded, he may dismiss it. Of course, the petitioner should have ample opportunity to be heard upon the sufficiency of his petition. Second. He may issue an order to show cause. Third. He may award the writ.

In this connection the language of Mr. Justice Brewer in the case of Storti v. Massachusetts, 183 U. S. 138, 143, 22 Sup. Ct. 72, 74, 46 L. Ed. 120, is not inapt. After referring to section 761 of the Revised Statutes, supra, he says:

"Proceedings in habeas corpus are to be disposed of in a summary way. The interests of both the public and the petitioner require promptness; that if he is unlawfully restrained of his liberty, it may be given to him as speedily as possible; that, if not, all having anything to do with his restraint be advised thereof, and the mind of the public be put at rest, and also that, if further action is to be taken in the matter, it may be taken without delay. Especially is this true when the habeas corpus proceedings are had in the courts of a jurisdiction different from that in pursuance of whose mandate he is detained. This matter of promptness is not peculiar to these cases in federal courts, but is the general rule which obtains wherever the common law is in force. It is one of those things which give to such proceedings their special value, and is enforced by statutory provisions, both state and federal. The command of the section is 'to dispose of the party as law and justice require.' All the freedom of equity procedure is thus prescribed; and substantial justice, promptly administered, is ever the rule in habeas corpus."

It is next urged that the information upon which the petitioner was tried in the state court does not state an offense. This was a question for the state court to determine. Where the statute creating the offense is not repugnant to the federal Constitution, and the court has jurisdiction thereof, the determination of the state court touching the sufficiency of the charge is controlling in the federal courts, where the defendant seeks to be relieved upon habeas corpus. The cases are numerous to this effect. Caldwell v. Texas, 137 U. S. 692, 11 Sup. Ct. 224, 34 L. Ed. 816; Bergemann v. Backer, 157 U. S. 655, 15 Sup. Ct. 727, 39 L. Ed. 845; Kohl v. Lehlback, 160 U. S. 293, 16 Sup. Ct. 304, 40 L. Ed. 432; Howard v. Fleming, 191 U. S. 216, 24 Sup. Ct. 49, 48 L. Ed. 121.

In this relation it is further urged by petitioner that the state court of Washington had no jurisdiction of the crime of conspiracy for which the petitioner was tried and convicted, for the reason that the offense of conspiracy at common law is not indictable or triable in that state. In Howard v. Fleming, supra, the case last cited, the identical question was presented to the Supreme Court. It arose also in the same way. The petitioner had been tried and convicted of a conspiracy at common law, had appealed to the Supreme Court of the state without success, and had gone further than here. He had sued out a writ of error to the Supreme Court of the United States, and while this was pending he petitioned the Circuit Court for a writ of habeas corpus. This proceeding was dismissed, and he appealed. The Supreme Court said:

"The highest court of the state has affirmed the validity of the proceedings in that trial, and we may not interfere with its judgment unless some right guaranteed by the federal Constitution was denied and the proper steps

taken to preserve for our consideration the question of that denial. The first contention demanding notice is that the indictment charged no crime. As found, it contained three counts; but the two latter were abandoned, and therefore the inquiry is limited to the sufficiency of the first. That charged a conspiracy to defraud. There is in North Carolina no statute defining or punishing such a crime; but the Supreme Court held that it was a common-law offense, and as such cognizable in the courts 'of the state. In other words, the Supreme Court decided that a conspiracy to defraud was a crime punishable under the laws of the state, and that the indictment sufficiently charged the offense. Whether there be such an offense is not a federal question, and the decision of the Supreme Court is conclusive upon the matter. Neither are we at liberty to inquire whether the indictment sufficiently charged the offense."

The information upon which the petitioner here was convicted has been held by the Supreme Court of the state of Washington to be in all respects sufficient. State v. Erickson, 54 Wash. 472, 103 Pac. 796. While the state Supreme Court has not, so far as we are at present advised, explicitly passed upon the direct question whether the offense of conspiracy is cognizable in the state courts or not, it has previously entertained jurisdiction respecting the same. State v. Messner, 43 Wash. 206, 86 Pac. 636. The territorial Supreme Court, however, did determine, prior to the adoption of the state Constitution, that the common-law offense of conspiracy was indictable under section 782 of the territorial Code of 1881, which is the same in effect as the section under which the petitioner stands convicted. Under the Constitution (section 2, art. 27) this law was continued in full force with the weight of construction placed upon it by the territorial court, so that it may be said that the question has been determined in that jurisdiction.

But as the proposition is advanced that the act under which the petitioner was prosecuted is unconstitutional, measured by the state Constitution, it is without validity, and no law, and hence that a prosecution under it is not due process, and deprives the defendant of the equal protection of the law, contrary to the fourteenth amendment to the federal Constitution, we will examine further into the situation. Under the territorial Code before Washington was admitted as a state, section 782, relating to "Common-Law Offenses," provided as follows:

"All offenses at common law, which are not hereinafter defined by statute, are indictable and triable in the district courts of the territory."

In 1891 the Legislature of the state passed an act relative to prosecution of public offenses, and amending section 782, including other sections, section 1 of which reads as follows:

"Section 782 of the Code of Washington, of 1881, is amended to read as follows: 'For all offenses at common law, which are not hereinafter defined by statute, the offender may be tried in the superior courts of this state.'" Laws 1891, c. 28.

This section has become section 6774 of Ballinger's Annotated Codes & Statutes of Washington (Pierce's Code, § 1545) and is the section under which the petitioner was tried and convicted.

It is now claimed that this amendment is void, because not adopted in accordance with section 37, art. 2, of the Constitution of that state, which provides that "no act shall ever be revised or amended, by mere

reference to its title; but the act revised or the section amended shall be set forth at full length," and section 19, art. 2, providing that "no bill shall embrace more than one subject, and that shall be expressed in the title." It is perfectly manifest from a glance at the new act that there was here no attempt at amendment by mere reference to the title, for the section as amended is set forth at full length. The objection on this ground is therefore without merit.

The next objection is that the subject of the act is not expressed in the title, and more especially is it urged that it was not competent for the Legislature to amend by a simple reference to the section in the amendatory act. Counsel mistakes the true condition. The subject of the act relates to the prosecution of public offenses. Offenses at common law are very naturally embraced within the subject. So would other offenses be also embraced within the same subject, and there was not an attempt to amend by simple reference to the section. Both the subject was expressed in the title and the specific section was amended as falling within the subject, by setting it out in full as amended. It would seem that there could be no more exact compliance with the constitutional requirements than this.

But it has been held specifically by the state court that a section of the Code may be amended by an act under a title simply providing for the amendment of such section by its number, without any further designation of the subject-matter of the section to be amended. Marston v. Humes, 3 Wash. St. 267, 28 Pac. 520. This case specifically overrules the case of Harland v. Territory of Washington, 3 Wash. T. 131, 13 Pac. 453, relied upon by counsel, and the cases of State v. Halbert, 14 Wash. 308, 44 Pac. 538 and State v. Smith, 15 Wash. 698, 46 Pac. 1119, are distinguishable as relating to territorial acts, in effect declared invalid by the territorial court prior to the taking effect of the Constitution. Thus it would seem that by the holdings of the state court this amendment was regularly adopted and is valid.

This disposes of all the questions presented adversely to counsel's contention, and the judgment of the court below will therefore be affirmed.