### MURDOCK v. POLLOCK, District Judge.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1915.)

### No. 167.

HABEAS CORPUS ☞82—HEARING ON PETITION—PRODUCTION OF PRISONER.

A practice of the District Court for a district in which a federal penitentiary is located, and in which applications for writs of habeas corpus are very numerous, to make a preliminary determination as to the propriety of issuing the writ without the personal appearance of the prisoner upon such preliminary determination, does not violate the statute governing writs of habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 74; Dec. Dig. ☞82.]

Original petition by Theodore Murdock for a writ of mandamus, directed to John C. Pollock, Judge of the District Court of the United States for the District of Kansas. On hearing upon rule to show cause why a writ of mandamus should not issue as prayed. Rule discharged, and petition dismissed.

Fred Robertson, U. S. Atty., and L. S. Harvey, Asst. U. S. Atty., both of Kansas City, Kan., for the United States.

Before ADAMS, Circuit Judge, and DYER and VAN VALKEN-BURGH, District Judges.

PER CURIAM. Petitioner, a prisoner in the United States penitentiary at Leavenworth, Kan., under a sentence pronounced in the District Court of the United States for the Northern District of Illinois, filed in the District Court of the United States for the District of Kansas an application for a writ of habeas corpus. He complains that the respondent, as judge of that court, has refused and neglected to take cognizance of this application, and accordingly prays that a writ of mandamus issue out of this court for his relief.

It appears from the petition filed herein, as well as from the return of the respondent, that the main insistence of the petitioner is that he is entitled to appear in the District Court in person for the purpose of prosecuting his application for the writ. It is urged, upon behalf of respondent, that where an application is filed praying that a writ of habeas corpus be granted, the court or judge to whom such application is made may do either one of three things: (1) If it appears from the petition that there is not sufficient cause for the issuance of the writ, and that the prisoner, if produced, would be remanded, the petition may be dismissed. (2) An order may issue upon the warden or other respondent to show cause why the writ prayed should not be granted. (3) The writ may be awarded forthwith, which course would command the respondent to produce the petitioner in court.

It is the practice in the district of Kansas to make a preliminary determination as to the propriety of issuing the writ as above indicated, and at such preliminary determination the prisoner does not appear in person. This practice is conceived to be of greater convenience in the administration of justice than if the prisoners were present, under the writ, in the custody of the warden, particularly in that district in which a federal penitentiary is located, and where applications for writs of habeas corpus are very numerous. It is supported and approved by abundant authority. Ex parte Yarbrough, 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274; Ex parte Royall, 117 U. S. 241-254, 6 Sup. Ct. 734, 29 L. Ed. 868; In re Lewis (C. C.) 114 Fed. 963; Erickson v. Hodges, 179 Fed. 177, 102 C. C. A. 443; In re Jordan (D. C.) 49 Fed. 238-244; Ex parte Farley (C. C.) 40 Fed. 67. This procedure is adjudged to satisfy the mandate of the law relating to these writs, and if the petitioner feels aggrieved at the action of the court in denying his application, appeal will lie. His rights are thus fully safeguarded.

Neither in the pleadings nor elsewhere in the case before us do we discover anything which indicates any indisposition on the part of respondent to proceed in accordance with law to a determination of petitioner's rights. On the contrary, if there has been delay, it has been due, almost entirely, to petitioner's insistence upon his alleged

right to be produced in court at the preliminary stage of the inquiry. His contention cannot be sustained.

"The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require' does not deprive the court of discretion as to the time and mode in which it shall exert the powers conferred upon it." Ex parte Royall, 117 U. S. 241–251, 6 Sup. Ct. 734, 740 (29 L. Ed. 868).

Finding no merit in the petition, it is ordered that its prayer be denied, that the rule to show cause be discharged, and the petition dismissed.