COHEN v. BIDDLE, Warden of the United States Penitentiary at Leavenworth, Kan.

(Circuit Court of Appeals, Eighth Circuit. April 19, 1926.)

No. 7109.

1. **Habeas corpus** ⊂⊃92(1)—**Defendant having been sentenced concurrently under two indictments, question on habeas corpus as to whether one sentence was void was immaterial; the other not being questioned (Cr. Code, §§ 148, 151 [Comp. St. §§ 10318, 10321]).**

Where defendant was convicted on two indictments and sentenced for 4 years on each, sentences to run concurrently, question on habeas corpus whether sentence on first indictment was void as not conforming to Cr. Code, §§ 148, 151 (Comp. St. §§ 10318, 10321), was not material where no attack was made on sentence under second indictment, since no release could be obtained even though sentence under first indictment was held void.

2. **Criminal law** ⊂⊃620(1)—**Indictment for forging United States securities held properly consolidated for trial with indictment for stealing such securities from United States mails as being connected therewith (Rev. St. § 1024 [Comp. St. § 1690]).**

Under Rev. St. § 1024 (Comp. St. § 1690), consolidating for trial indictments for forging certain securities of United States and for having unlawfully opened certain letters when clerk in postal service from which he stole such securities *held* proper, since acts charged in the two indictments were connected.

3. **Habeas corpus** ⊂⊃4.

Question whether consolidation of indictments for trial was proper cannot be presented by petition for writ of habeas corpus; proper method being by writ of error.

4. **Habeas corpus** ⊂⊃4.

Writ of habeas corpus cannot be made to perform office of writ of error.

5. **Habeas corpus** ⊂⊃92(1).

Question whether alleged offenses for which petitioner was indicted are crimes under United States laws was not reviewable on habeas corpus.

6. **Habeas corpus** ⊂⊃87—**Petition for habeas corpus held properly dismissed on motion, where petition on its face disclosed no ground for issuance of writ (Rev. St. §§ 755–761 [Comp. St. §§ 1283–1289]).**

Under Rev. St. § 755 (Comp. St. § 1283), where petition for writ of habeas corpus disclosed on its face no ground for issuance of writ, trial court properly dismissed petition on motion instead of ordering production of petitioner and having hearing as outlined in Rev. St. §§ 755–761 (Comp. St. §§ 1283–1289).

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Application by Lewis Cohen for writ of habeas corpus against W. I. Biddle, as Warden of the United States Penitentiary at Leavenworth, Kan. From an order granting a motion to dismiss the petition, and denying the writ, petitioner appeals. Affirmed.

Lewis Cohen, pro se.

Al F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. This is an appeal from an order granting a motion to dismiss a petition for a writ of habeas corpus and denying the writ prayed for.

The salient facts are as follows: In June, 1921, two indictments were returned against appellant in the United States District Court for the Eastern District of Wisconsin. The first, No. 312, charged in two counts that he falsely and feloniously forged and counterfeited certain obligations and securities of the United States, they being set out, and in two other counts that he knowingly uttered and passed the same. The second indictment, No. 328, in a number of counts charged that he unlawfully and feloniously opened certain letters which had come into his possession as clerk in the postal service, and that he stole from said letters certain checks, obligations of the United States. The two causes were consolidated for the purposes of trial. Appellant was convicted under both indictments and sentenced under each in June, 1924, to be imprisoned for the term of four years in the United States Penitentiary at Leavenworth, Kan., the two sentences to run concurrently. On December 30, 1925, appellant filed a petition for a writ of habeas corpus in the District Court for the District of Kansas, First Division, and on the same day the appellee, Biddle, filed a motion to dismiss the petition and deny the writ. On January 5, 1925, appellant filed a motion to strike from the record appellee's motion to dismiss. On May 12, 1925, the several matters came on for hearing, and on the same day the court filed its order overruling the motion to strike from the record, granting the motion to dismiss the petition, and denying the writ of habeas corpus.

The assignments of error call attention to the following matters:

[1] First, the statutory provisions under which the first indictment No. 312, was drawn—sections 148 and 151 of the Criminal Code (Comp. St. §§ 10318, 10321). Both sections

12 F.(2d)—45

call for punishment consisting of fine *and* imprisonment, whereas the sentence imposed on appellant on the first indictment was solely imprisonment. It is contended that the sentence imposed was void as not conforming to the statute. There appears to be a conflict of authority upon the question whether such a sentence is void or simply erroneous and subject to correction. As holding the former view, see Sorenson v. United States, 168 F. 785, 94 C. C. A. 181 (C. C. A. 8); Ex parte Karstendick, 93 U. S. 396, 23 L. Ed. 889. As holding the latter view, see Bartholomew v. United States, 177 F. 902, 101 C. C. A. 182; certiorari denied 217 U. S. 608, 30 S. Ct. 697, 54 L. Ed. 901. The question is not of importance in the case at bar, for the reason that the attack on the sentence under the first indictment is premature. No attack is made on the sentence under the second indictment, No. 328. That sentence being valid, running concurrently with the sentence under the first indictment, and still uncompleted, no release can be obtained at this time, even though the sentence under the first indictment were held void. The sentence now being served is a valid sentence under the second indictment.

Second, the two indictments were consolidated for trial. It is contended that this action by the trial court was an abuse of discretion. Consolidation of indictments is authorized by section 1024, Revised Statutes of the United States (Comp. St. § 1690), which reads as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

[2-4] In the instant case the acts charged as crimes in the second indictment were connected with the acts charged as crimes in the first indictment, inasmuch as the obligations of the United States which were charged in the second indictment to have been stolen by petitioner from letters in the United States mail were, in at least two instances, the same obligations as those upon which petitioner was charged in the first indictment with having forged the indorsements. It would thus appear that there was ground for the consolidation. But the question whether the consolidation came within the purview of the

statute, or there was an abuse of discretion on the part of the trial court, cannot be raised by petition for writ of habeas corpus. The proper method is by writ of error. A writ of habeas corpus cannot be made to perform the office of a writ of error. Howard v. United States, 75 F. 986, 21 C. C. A. 586, 34 L. R. A. 509; De Bara v. United States, 99 F. 942, 40 C. C. A. 194; Franklin v. Biddle, 5 F.(2d) 19 (C. C. A. 8); Cardigan v. Biddle, 10 F. (2d) 444 (C. C. A. 8).

[5] Third, as above stated, the first indictment was drawn under sections 148 and 151 of the Criminal Code. It is contended that neither of these sections covers the offense of forging an indorsement on a genuine obligation or security of the United States, or the offense of uttering and passing a genuine obligation or security of the United States having a forged indorsement thereon. It is not necessary to go into the merits of this contention, inasmuch as the question whether or not the alleged offenses for which petitioner was indicted are crimes under the laws of the United States, is not reviewable by petition for writ of habeas corpus. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070; Collins v. Morgan, 243 F. 495, 156 C. C. A. 193 (C. C. A. 8); Franklin v. Biddle, supra.

Fourth, the trial court on motion dismissed the petition for a writ of habeas corpus instead of (1) ordering the production of the petitioner; (2) requiring the respondent to answer; and (3) having a hearing, as outlined in sections 755–761, Revised Statutes of the United States (Comp. St. §§ 1283–1289). It is contended that the court erred in not striking from the record the motion to dismiss the petition and in not following the steps provided in the statutes. The contention cannot be sustained. Section 755 reads as follows:

"The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, *unless it appears from the petition itself that the party is not entitled thereto.* The writ shall be directed to the person in whose custody the party is detained." (Italics ours.)

[6] Under this section, if it clearly appears from the petition that a case is not stated which would justify the issuance of a writ of habeas corpus, the court may dismiss the petition without awarding the writ or an order to show cause. Erickson v. Hodges, 179 F. 177, 102 C. C. A. 443; Murdock v. Pollock, 229 F. 392, 143 C. C. A. 512 (C. C. A. 8);

In re Haskell (C. C.) 52 F. 795. The petition in the case at bar sets out in considerable detail the various steps leading up to the imprisonment of petitioner, including the indictments, the order consolidating them for trial, and the judgments, sentences, and commitment. The petition on its face disclosed no ground for the issuance of the writ. This is apparent from the foregoing discussion as to the several matters complained of in the petition. The court of its own motion could therefore have dismissed the petition for the writ. What the court could do of its own motion it could do on motion of respondent.

Of course a petitioner for a writ of habeas corpus should have ample opportunity to be heard in support of the sufficiency of his petition. Such opportunity was afforded in the case at bar. Petitioner was represented by counsel, and a full hearing was had. There was no error in dismissing the petition or in the procedure which was followed.

Order affirmed.