## THOMPSON v. KING, Warden.
### No. 11511.

Circuit Court of Appeals, Eighth Circuit.
Nov. 20, 1939.

Rehearing Denied Dec. 7, 1939.

Grover Milton Thompson, pro se.

Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before THOMAS and VAN VALKENBURGH, Circuit Judges and DEWEY, District Judge.

VAN VALKENBURGH, Circuit Judge.

This is an appeal from an order of the district court dismissing a petition for writ of habeas corpus. This action was taken by the court after making a preliminary examination to determine whether the petition for the writ disclosed on its face ground for issuance. Being of opinion that no such ground was shown, production

of the petitioner for hearing was deemed unnecessary, and the petition was dismissed upon motion by the United States Attorney. Such action upon proper showing does not violate the statute governing writs of habeas corpus, and is common procedure. 28 U.S.C.A. § 451 et seq. Murdock v. Pollock, 8 Cir., 229 F. 392; Cohen v. Biddle, 8 Cir., 12 F.2d 704.

The petition alleges that, at a regular term of the district court of the United States for the Western District of Kentucky, beginning on or about October 5, 1936, a grand jury returned against petitioner an indictment charging him with the offense of feloniously and forcibly breaking into a postoffice of the United States with intent therein to commit larceny from said postoffice and other depredations. Upon plea of not guilty a trial was held. A certified copy of the entire proceedings of the trial, including the judgment rendered, is made a part of his petition by appellant. This record shows the selection and empaneling of the jury, but before the jury was sworn defendant (appellant) made known to the court that he had engaged one J. Rivers Wright, a practicing attorney at that Bar, to defend him. "When said counsel appeared before the court the jury as originally drawn was accepted by said counsel and was sworn by the clerk to well and truly try the issues joined between the United States and the defendant, and a true verdict render according to the law and evidence." Evidence was then introduced on behalf of the United States. At the conclusion of the government's testimony the defendant, by his said counsel, moved the court to direct a verdict for defendant. This motion was overruled, and exception was preserved. On the following day the case proceeded. Evidence was introduced on behalf of defendant, and, at the conclusion of all the testimony, counsel for defendant renewed his motion for a directed verdict, which motion was overruled and exception preserved. The court duly instructed the jury which returned a verdict of guilty. On October 22, 1936, the court sentenced defendant (appellant) to imprisonment in the United States Penitentiary at Atlanta, Georgia, for a period of five years, and imposed a fine of $100. The defendant moved the court for a new trial which motion, after hearing, was denied. The grounds upon which this motion was based are not stated in appellant's exhibits. Defendant then prayed an appeal to the United States Circuit Court of Appeals for the Sixth Circuit. Upon the filing of his affidavit that he was without funds to prosecute his appeal, the court ordered that said appeal be allowed and that defendant be furnished with a transcript as requested without cost to him. No further court proceedings are disclosed by this record, except that, as alleged, a commitment issued under authority of the United States District Court for the Western District of Kentucky, October 22, 1936, under which appellant was subsequently confined. From the petition it further appears that appellant was delivered to the United States Penitentiary at Leavenworth, Kansas, and thereafter transferred to the United States Public Health Service Hospital at Lexington, Kentucky, by order of the Attorney General of the United States under the provisions of section 753f, 18 U.S.C.A. p. 104. He is now a prisoner by transfer in the United States Medical Center for Federal Prisoners at Springfield in the State of Missouri.

The ground upon which appellant bases his petition for the relief prayed is that the court was without jurisdiction at the trial because of alleged violation of appellant's right, under Amendment No. VI to the Constitution of the United States, U.S.C.A., to have "the Assistance of Counsel for his defence". The claim is that such counsel was not present when his plea was made when the jury was empaneled, nor until near the completion of the record. It is urged that appellant was thereby deprived of the assistance of counsel within the meaning of the Constitutional Amendment invoked.

From the brief and argument presented by appellant it appears that appellant relies largely upon the decision of the Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461. In that case the defendant was wholly without counsel, and the cause was remanded to ascertain whether the constitutional right had been completely and intelligently waived. Upon that point the record was silent. The court held that a substantial protection of the right of the accused to counsel was jurisdictional and essential to the validity of a judgment of conviction. The record in the instant case presents a marked distinction from the circumstances existing in the Zerbst case. The court throughout treated the appellant with marked indulgence. Upon being advised that defendant had engaged counsel, the

proceedings were delayed until such counsel arrived. It is not contended that the plea of not guilty was improvidently entered, nor that any prejudice resulted from the empaneling of the jury. No action was taken by the court until counsel selected by the defendant had accepted the jury, and, presumably, had approved all steps theretofore taken. The trial occupied parts of two court days. Counsel by motion presented for ruling rights of the defendant presumed to be based upon the evidence adduced. After verdict and judgment a motion for new trial was filed and duly heard. Thereafter an appeal was allowed and the application of the defendant for the right to proceed in forma pauperis was granted. Apparently no appeal was perfected, although such an appeal could have presented all claimed errors now sought to be corrected by habeas corpus.

Johnson v. Zerbst, supra, was decided May 23, 1938. This petition in habeas corpus was filed April 19, 1939,—about two and one-half years after appellant had started to serve his sentence under the judgment of the Kentucky court. Apparently reliance is placed upon a strict construction of language found in parts of the opinion in the Johnson case, which was dealing with the entire absence of counsel for defendant, and lack of a waiver to excuse that absence.

In our judgment it was not the purpose of the Supreme Court in cases of mere procedural informality, to open the door to collateral attack upon judgments by habeas corpus where the rights of the defendant have been substantially preserved. This view is borne out by the following language: "It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity".

In our opinion the record of the trial in the district court for the Western District of Kentucky furnishes a complete and convincing answer to appellant's charges. By this method, after a period of three years, a retrial is sought of issues that were resolved in the trial court and were not submitted for review on appeal.

It follows that the judgment of the trial court should be affirmed, and it is so ordered.