### HARRISON v. KING, Warden.
### No. 11656.

Circuit Court of Appeals, Eighth Circuit.

April 29, 1940.

Rehearing Denied May 15, 1940.

Thomas A. Harrison, pro se, submitted brief.

Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

Thomas A. Harrison, who is in the custody of the Warden of the Federal Prison Camp at the Medical Center for Federal Prisoners at Springfield, Missouri, appeals from an order dismissing his petition for writ of habeas corpus.

It appears that he has been indicted and sentenced for violation of federal laws in several federal districts: (1) In the United States District Court for the Northern District of Ohio he was sentenced on April 20, 1930, to serve an aggregate term of nine years. (2) In the United States District Court for the Southern District of New York he was subsequently indicted on thirty one counts, thirty charging substantive offenses and one charging conspiracy, and on his appearance, effected by writ of habeas corpus ad prosequendum to penitentiary officials, he plead guilty and was sentenced to consecutive terms of five years each on counts one and two, and two years on the count for conspiracy—a total of twelve years, to begin from the date of sentence. (He was also given a suspended sentence of five years on each of the other twenty-eight counts.) His total sentences to be served then aggregated twelve years, eight months and eleven days. (3) In the United States District Court for the Western District of Pennsylvania he was indicted and sentenced to terms of three years, and one year and one day, each to begin at the expiration of the sentence imposed by the United States District Court for the Southern District of New York. Accordingly, when he was returned to the federal penitentiary on February 19, 1931, his total sentence aggregated fifteen years, eight months and eleven days[1] and that period has not yet elapsed. His present application for the writ of habeas corpus was filed in forma pauperis in the United States District Court for the Western District of Missouri on August 25, 1939. He alleged that he had at that time served all of his valid and lawful sentence, taking into consideration the period which he was entitled to have deducted on account of his good behavior. He rested his allegation that he had completely served his time upon a single contention that the two-year part of his sentence imposed by the New York District Court upon his plea of guilty to the 31st count of the indictment in that court, was null and void. With the two-year sentence on the 31st count eliminated, he claims he is entitled to be discharged. That count charged him with conspiracy. The other counts of the indictment charged commission of substantive offenses. The claim presented to the trial court, and urged on this appeal, is that it is apparent on the face of the New York indictment and judgment that there was no jurisdiction in the court to impose the separate sentence on the 31st or conspiracy count in that the count charged offenses which were mere incidents of or identical with the substantive offenses charged in the other thirty counts of the indictment, and that the conspiracy count added to the other counts constituted double jeopardy, contrary to the federal constitution.

The trial court directed the petition for the writ to be filed and issued a show cause order for the production of the authority for the detention. The record was thereupon produced, including the indictment and judgment complained of in the petition for habeas corpus, and

[1] For an account of his history which is more extended, though incomplete, see United States v. Harrison, D.C., 23 F. Supp. 249. In that case the District Court for the Southern District of New York entertained a petition by Harrison to modify his sentence and the contentions made here were judicially determined against him. Therefore his position here is similar to that of an applicant for a second writ of habeas corpus after a first writ has been denied. We have proceeded in recognition that strict theories of res adjudicata need not be applied in habeas corpus cases. United States ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897.

the various judgments, sentences, commitments and certification of time served and allowance for good behavior relating to the prisoner. On consideration thereof, the court found that the petitioner was not entitled to the writ and dismissed his application therefor. The grounds of the appeal to this court are, that the court erred in considering the petition for the writ in the absence of the petitioner, and in refusing to find that the record before the court of the New York indictment and judgment disclosed on the face thereof that the sentence imposed by the New York court on the conspiracy count of the indictment was void for the reasons stated.

Although a very elaborate brief of many pages with exhaustive citations has been submitted for the appellant and fully considered, we find no merit in the appeal.

Habeas corpus proceedings are civil and not criminal in character. In re Edwards, 8 Cir., 106 F.2d 537; Kabadian v. Doak, 62 App.D.C. 114, 65 F.2d 202, 205. When a preliminary examination of an application discloses no grounds upon which the writ could issue, it is not error to dismiss the application upon motion of the United States Attorney without producing the petitioner for hearing. As this court said in Thompson v. King, 8 Cir., 107 F.2d 307, 308: "Such action upon proper showing does not violate the statute governing writs of habeas corpus, and is common procedure, 28 U.S.C.A. § 451 et seq.; Murdock v. Pollock, 8 Cir., 229 F. 392; Cohen v. Biddle, 8 Cir., 12 F.2d 704." See also McKee v. Johnston, 9 Cir., 109 F.2d 273.

The conspiracy charged in the 31st count of the indictment was a conspiracy to commit offenses against that provision of Section 218 of the United States Criminal Code, 18 U.S.C.A. § 347, which denounces those who "shall, with intent to defraud, pass, utter, or publish any such forged or altered money order or postal note, knowing any material signature or indorsement thereon to be false, forged, or counterfeited, or any material alteration therein to have been falsely made."

The other counts of the indictment charged the commission of other offenses denounced in other provisions of Section 218. It appears on the face of the indictment that the petitioner's conspiracy with other persons, and the commission of overt acts to effect the object of such conspiracy, constituted a separate offense for which he was subject to punishment in addition to the punishment due on account of the other offenses to which he pleaded guilty. Thompson v. Johnston, 9 Cir., 94 F.2d 355; United States v. Wexler, 2 Cir., 79 F.2d 526; Asgill v. United States, 4 Cir., 60 F.2d 776; Lisansky v. United States, 4 Cir., 31 F.2d 846, 67 A.L.R. 67; Steigleder v. United States, 8 Cir., 25 F.2d 959; Bell v. United States, 8 Cir., 2 F.2d 543; see People v. Tavormina, 257 N.Y. 84, 177 N.E. 317, 75 A.L.R. 1405. We find it unnecessary to decide whether or not habeas corpus may be granted where it appears that sentences to be served consecutively have operated to deny to a convicted person the constitutional guarantee against double jeopardy. Cf. Remaley v. Swope, 9 Cir., 100 F.2d 31; Clawans v. Rives, 70 App.D. C. 107, 104 F.2d 240, 122 A.L.R. 1436. Here the offenses were separate and punishable accordingly.

Affirmed.