## MOTHERSHEAD v. KING.
### No. 11681.

Circuit Court of Appeals, Eighth Circuit.
June 29, 1940.

James Mothershead, pro se.

Richard K. Phelps, Acting U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before GARDNER and SANBORN, Circuit Judges, and COLLET, District Judge.

SANBORN, Circuit Judge.

This appeal is from an order dismissing the petition of James Mothershead for a writ of habeas corpus.

On April 24, 1939, there was filed in the office of the Clerk of the court below, at Springfield, Missouri, the petition of appellant, an inmate of the Medical Center for Federal Prisoners at Springfield, for a writ of habeas corpus directed to the Warden of that institution. The allegations of the petition may be summarized as follows: That on November 3, 1928, the petitioner (appellant), who was unable to employ counsel, was arraigned before a judge of the Supreme Court of the District of Columbia, charged in two indictments with the offenses of housebreaking and larceny; that petitioner was wholly deaf and unable to read lips; that the indictments were read to him; that, without knowledge of the accusations against him, without the assistance of counsel, without waiving the assistance of counsel, and without any understanding of the proceedings which were taking place, he entered a plea of guilty and received a sentence of fifteen years imprisonment; that he was denied a constitutional trial, deprived of his liberty in violation of the due process clause of the Fifth Amendment to the Constitution of the United States, and of the assistance of counsel in violation of the provisions of the Sixth Amendment; that the judgment and sentence imposed were void; that his commitment, based thereon, was void; that he is being illegally held in custody and is entitled to an immediate discharge. He prayed for the issuance forthwith of a writ requiring those who held him in custody to produce him in court "at once or at such time as will be convenient for This Honorable Court." Attached to his petition are copies of the indictments upon which he was convicted and sentenced, and copies of the docket entries of the proceedings had against him in the Supreme Court of the District of Columbia, which entries show that his plea was entered October 27, 1928, and that he was sentenced on November 10, 1928.

These entries do not show that petitioner was offered the advice and assistance of counsel when he was arraigned and entered his plea or that he waived the advice and assistance of counsel. The copy of "Record of Conviction, Plea of Guilty", dated November 10, 1928, attached to his petition, recites his appearance for sentence on that date "in proper person, in custody of the Superintendent of the Washington Asylum and Jail, and by attorney."[1]

The court below convened at Springfield on October 2, 1939, and on October 4, 1939, it entered an order directing the Warden of the Medical Center to produce the petitioner in court on October 5, 1939. On October 6, 1939, the court entered an order directing the Warden to produce on October 7, 1939, the commitment under which the petitioner was held. The minutes for October 7, 1939, of the Clerk of the court recite the appearance of petitioner, the filing by the Warden of his return to the petition for the writ, the holding of a hearing, and that the court, "having seen, heard and fully considered the pleadings and the records, and the premises herein being fully considered and advised of, it is ordered by the Court that the application and petition of the petitioner herein be, and it is now hereby, dismissed." The order of the court (from which this appeal is taken) reads as follows: "Now on this 7th day of October, 1939, the return of the respondent to the application and petition of the above named petitioner coming on for hearing, the Court having read and considered the application and petition and the record of the petitioner's conviction and commitment, finds that the conviction of the petitioner and his commitment were regular and legal, that the term of the petitioner has not expired, and that a cause of action for writ of habeas corpus does not exist as alleged in said petition; it is therefore ordered that the application and petition of the petitioner herein be and the same is hereby dismissed."

The return of the Warden merely presented to the court, for its information, the judgment and commitment under which petitioner was in custody, and stated that the Warden believed that the commitment was regular and legal and that the petitioner had not served his full term there-

1 In appellee's brief, which contains a reproduction of the record referred to, the portion which we have quoted reads: "in proper person, in custody of the Su-perintendent of the Washington Asylum and Jail, and by ......................., attorney, ................."

under. He prayed that the application be dismissed.

■ There can be no doubt, of the right of a federal court to make a preliminary examination to determine whether a petition for a writ of habeas corpus discloses upon its face sufficient basis for the issuance of the writ, and to dismiss the petition if it does not. Thompson v. King, Warden, 8 Cir., 107 F.2d 307, 308; Harrison v. King, Warden, 8 Cir., 111 F.2d 420; McKee v. Johnston, Warden, 9 Cir., 109 F.2d 273; Murdock v. Pollock, 8 Cir., 229 F. 392.

■ The petitioner here did not assert in his petition that the records of his conviction, sentence and commitment were, on their face, defective or irregular. His assertion was that, because of his total deafness, his plea of guilty was entered without his having any information as to the charges made against him, without the advice and assistance of counsel, and without waiving his constitutional right to have the assistance of counsel. It cannot be said from the face of the petition or from the copies of the records attached to it that that assertion by the petitioner is conclusively false. There is nothing in the return of the Warden which would enable the court below to determine that the petitioner entered his plea with knowledge of the charges made against him and with the advice and assistance of counsel or after having intelligently waived his right to have counsel. No matter how incredible to one familiar with the almost universal practice of trial judges to safeguard in every way the rights of those accused of crime who come before them without counsel, the statements contained in this petition may be, the petitioner was clearly entitled to the writ and to an opportunity to prove the truth of what he alleged in his petition. "The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto." 28 U.S.C. § 455, 28 U.S.C.A. § 455.

■ The conviction of a person whose infirmities are such that he cannot understand or comprehend the proceedings resulting in his conviction and cannot defend himself against such charges, is violative of certain immutable principles of justice. Powell v. Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527;

Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717, 720. Under the Sixth Amendment a person charged with crime in a federal court is entitled to the assistance of counsel. He may waive the right, but must do so intelligently. It is the duty of the court to protect the right of the accused to have counsel, and, if he has none, to decide whether he has intelligently and competently waived the right. If he has no counsel and has not waived his right to the assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst, Warden, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

"A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.'" Johnson v. Zerbst, Warden, supra, 304 U.S. at page 468, 58 S.Ct. at page 1025, 82 L.Ed. 1461.

"It must be remembered, however, that a judgment can not be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ." Johnson v. Zerbst, Warden, supra, 304 U.S. at pages 468, 469, 58 S.Ct. at page 1025, 82 L.Ed. 1461.

■ The order appealed from is reversed and the case remanded to the court below with directions to issue the writ, to grant petitioner a prompt hearing thereon, and, from the evidence adduced at such hearing, to determine whether the allegations of the petition are true or untrue. If they are found to be true, the petitioner should be released. If they are found to be untrue or if the evidence in support of them is unsubstantial, the writ should be discharged. Compare Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717, 720.

Reversed and remanded.