**BANKS v. O'GRADY, Warden.**

**No. 492, Original.**

Circuit Court of Appeals, Eighth Circuit.

Aug. 3, 1940.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

On July 20, 1940, Judge Thomas of this court, through the office of the Clerk of the Court, received from the petitioner a "Petition for Writ of Habeas Corpus." This court being in session the petition was, in accordance with our practice, referred to the court, and it has by us been given careful consideration.

Section 455, Title 28 U.S.C.A. (R. S. § 755), provides that: "The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto." It is the right and duty of a federal court to make a preliminary examination to determine whether a petition for a writ of habeas corpus discloses upon its face sufficient basis for the issuance of the writ, and to dismiss the petition if it does not. Mothershead v. King, Warden, 8 Cir., 112 F.2d 1004, decided June 29, 1940; Thompson v. King, Warden, 8 Cir., 107 F.2d 307, 308; Harrison v. King, Warden, 8 Cir., 111 F.2d 420; McKee v. Johnston, Warden, 9 Cir., 109 F.2d 273; Murdock v. Pollock, 8 Cir., 229 F. 392. We shall, therefore, examine the Petition to determine its sufficiency as a matter of law.

The petitioner alleges that he is unlawfully imprisoned in the Nebraska State Penitentiary at Lancaster, Nebraska, in the custody of the respondent in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States. Respondent's authority for detaining the petitioner is a commitment founded upon a judgment and sentence of the district court of Sarpy county, Nebraska. On November 26, 1918, the petitioner pleaded guilty to an information charging him with the crime of forgery, and was sentenced to serve an indeterminate period of from one to twenty years in the penitentiary, the sentence to run from October 18, 1918. After he had served until September 22, 1923, the State Prison Board of Nebraska entered into a Parole Agreement with the petitioner and released him to the authorities of the State of Missouri. The parole was on condition that he should report monthly in writing to the Chief State Probation Officer; that he should conduct himself honestly and obey the law; that while on parole he should remain in the legal custody and under the control of the State Board of Pardons; and it was expressly agreed that the Board of Pardons may summarily determine whether any of the conditions of the parole have been broken, and that the parole may be revoked as a matter of executive authority. It was further agreed that he was liable to be retaken and again confined in the penitentiary for any reason satisfactory to the Board. He further agreed that in case the parole should be revoked: "I will freely and voluntarily

accompany any officer of the Board of Pardons, or any other officer, having proper authority as a prisoner and fugitive from justice from any place * * * in any state in the United States to the Nebraska Penitentiary, for the purpose of answering to the charge of violation of parole."

The petitioner was released by the Missouri authorities November 15, 1923, and returned to Omaha, Nebraska, December 16, 1923. From Omaha he went to Keith county, Nebraska, where in February, 1934, he pleaded guilty to an information charging him with stealing an automobile, for which he was sentenced to the penitentiary for a period of two years. Having served his term he was discharged on October 7, 1935. Instead of being released he was assigned his old prison number given him in October, 1918, under the commitment from Sarpy county.

In August, 1939, petitioner applied to the district court of Lancaster county, Nebraska, for a writ of habeas corpus, alleging that his detention under the 1918 commitment was void in that the State of Nebraska relinquished its jurisdiction over his person by releasing him to the State of Missouri in 1923. The court denied the petition and the judgment was affirmed by the Supreme Court of Nebraska.

The petitioner alleges that he should be released from imprisonment and that he is deprived of his liberty in violation of the constitution because the judgment and sentence of the district court of Sarpy county, Nebraska, is void for three reasons:

1. That in releasing him to the State of Missouri in 1923, the State of Nebraska relinquished its jurisdiction over his person;

2. That by having him serve his second sentence before the completion of his first sentence the state waived the remainder of the first sentence; and

3. That the respondent was bound to release him when he received his certificate of discharge at the conclusion of his second sentence.

The first two of these alleged reasons fail upon the same principle. It is that when a person has violated the criminal statutes of two different sovereigns, it is for the sovereigns and not the criminal to settle which shall first inflict punishment; and by the same token, when he violates two different criminal statutes of the same state, the state and not the criminal may determine the order of the punishment. It is a matter of indifference to the criminal. The power and right to punish the violater of its laws is not lost by a state because it consents to waive the infliction of punishment pending punishment by another state of the same criminal for the violation of its laws, or because it defers punishment for one offense until it has punished for a subsequent offense. Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; United States ex rel. Moore v. Traeger, 9 Cir., 44 F.2d 312, 313; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, 962.

The third reason assigned is not valid. It is that the discharge at the conclusion of his punishment for his second offense operated to discharge the sentence for the first offense which had not been completed. The certificate of discharge set out in the petition shows upon its face that it relates only to the conviction for larceny on February 8, 1934, and to the 2 year sentence thereunder; and it concludes that he "be discharged as having completed the said term, restoring the said William J. Banks to all his civil rights." This means only that the civil rights which petitioner forfeited by the conviction of February 8, 1934, should be restored. There is no ground for the assertion that it affected the status of the petitioner resulting from the conviction of 1918, nor that it released him from the obligations of his parole agreement of September, 1923.

It clearly appears from the petition itself that the petitioner is not entitled to the writ. His application is therefore denied and his petition dismissed.