NARCISO REYES PÉREZ, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. AP-62-8.   Decided November 16, 1962.

534

*Hernán C. Torres Platini,* appointed as counsel by this Court for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Appellant filed a petition for habeas corpus in the Superior Court, San Juan Part. The case for which he was serving sentence—murder in the first degree—was tried in the Humacao Part. The petition was transferred to that Part. As a result of illegal detention, he alleges that the judge who presided at the trial of the case designated a counsel *de officio* who advised him to plead guilty, which he refused to do, and that the counsel "... disgusted with defendant's attitude toward him and knowing that he was not duly prepared, went to trial, as a result of which the representation was pro forma in which the legal requirements for defendant's protection were not met."

The habeas corpus was denied after the hearing was held in the Humacao Part. Petitioner appealed. In order to represent him in the petition before this Court, we desig-

nated a counsel *de officio*. We copy below the incident at the trial:

"SWORN STATEMENT OF NARCISO REYES PÉREZ

LIC. GUTIÉRREZ: This is a habeas corpus case. It was a murder case. Sir, what is your name?

WITNESS: Narciso Reyes Pérez.

Q. How old are you?

A. Well, I am 76 going on 77.

Q. You filed in this court a petition for habeas corpus, you brought this action, this habeas corpus. You were found guilty of what offense?

A. Well, I was charged with murder in the first degree.

Q. Were you represented by counsel?

A. A lawyer came here and went there and asked me if I had any money; I said that I was insolvent. He said, 'Can't you raise it, do you have any money you can give me $40 or $50?', and I told him I was insolvent, that I could not.

Q. According to this petition, the attorney designated was a *de officio* attorney. From the time of the arraignment to the day of the trial, did you see this attorney? Did he come to see you? Did he confer with you at any time?

A. He went to the jail where I was.

Q. Did he go to the jail to see you?

A. Yes, sir.

Q. So he went to the jail to see you and conferred with you. Did he prepare your case?

A. He told me to plead guilty.

Q. He told you to plead guilty?

THE COURT: But that was not what happened in court.

LIC. GUTIÉRREZ: You did not plead guilty?

A. I, no sir.

Q. He went to trial.

THE COURT: The jury returned a verdict after hearing the evidence.

LIC. GUTIÉRREZ: You also allege in this petition that there were no eyewitnesses of the offense?

A. There was no one around, that happened about 11:30 p.m. and I was sleeping.

Q. You believe that the verdict of first-degree murder was not fair because there were no eyewitnesses as to the evidence of premeditation and treachery?

A. And the witnesses were first cousins; they were named Pedro Maldonado Fontanes, first cousin of the deceased, and the other was also a relative. Pedro Maldonado lives about 125 cuerdas away; that happened at night; I was sleeping. That man arrived with a group.

THE COURT: I heard all of that.

A. He arrived with a group, three arrived, I was sleeping. I woke up when the brother cut the hammock, all of that, and I fell; they jumped on me, they lighted the lamp, they put it out, and the drunk one said to me, 'I don't want you here, get out.' I said, 'well, I'll go.'

LIC. GUTIÉRREZ: What was your sentence, life imprisonment?

A. Life imprisonment.

Q. That's all.

THE COURT: Any questions?

DISTRICT ATTORNEY: It is not necessary, Your Honor, according to this testimony; it would be a matter of weighing the evidence.

THE COURT: You may withdraw. The petition for habeas corpus is denied. He went to trial and was found guilty by a jury."

■■ The foregoing shows that petitioner's contention to the effect that the assistance of counsel which he had at the trial for murder in the first degree was pro forma was not adequately investigated. The trial did not accomplish its purpose. The only determination made by the trial judge was that "he went to trial and was found guilty by a jury." Appellant is a man 76 years old, he was sentenced to life imprisonment, without an opportunity to establish without assistance of counsel his contention of illegal detention. The attorney who represented him at the hearing of the habeas corpus made no attempt to establish petitioner's contention. It should be the rule of judges to whom petitions for habeas corpus are addressed to be alert to examine the facts which allegedly make illegal petitioner's imprisonment, to be able then to make a fair determination. The Supreme Court of the United States has established this rule for federal judges. To that effect, it was said in *Johnson* v. *Zerbst*,

304 U.S. 458 (1938): "A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.'" See, also, *Moore* v. *Dempsey*, 261 U.S. 86 (1923); *Mothershead* v. *King*, 112 F.2d 1004 (8th Cir. 1940). Should we sanction the situation in this case, we would defeat the respectable and fundamental right of habeas corpus. If that were the manner of taking cognizance of a petition for habeas corpus, the "famous writ" would not truly be a guarantee for the liberty of the citizens.

The judgment appealed from will be reversed and the case is remanded for a new trial to be held before a magistrate other than the one who presided the trial in the murder case, following the rule announced in *Capeles* v. *Delgado, Warden*, 83 P.R.R. 668 (1961). The Humacao Court shall make the proper findings.