NARCISO REYES PÉREZ, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* AP-62-8    *Resuelto:* 16 de noviembre de 1962

*Hernán C. Torres Platini,* abogado de oficio designado por el Tribunal Supremo, abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante radicó solicitud de hábeas corpus en el Tribunal Superior, Sala de San Juan. El caso por el cual sufría condena—asesinato en primer grado—se ventiló en la Sala de Humacao. A esa Sala se trasladó la petición radicada. Como motivo de detención ilegal alega que el juez

que presidió la vista del caso le señaló un abogado de oficio quien le aconsejó que se declarara culpable, lo cual él no aceptó y que el abogado " . . . molesto por la actitud del acusado respecto a ésto, y a sabiendas de que no estaba preparado debidamente, procedió a entrar a juicio, resultando por tanto una representación pro-forma, donde no se llenaron los requisitos de ley a los efectos de proteger al acusado. . ."

Celebrada la vista del hábeas corpus en la Sala de Humacao éste se declaró sin lugar. Apeló el peticionario. Para que tramitara el recurso ante este Tribunal le nombramos abogado de oficio. A continuación transcribimos lo que sucedió durante la vista:

"Declaración Bajo Juramento de Narciso Reyes Pérez

"Lcdo. Gutiérrez: Este es un caso de hábeas corpus. Fue un caso de asesinato.

"Señor, ¿cuál es su nombre?

"Testigo: Narciso Reyes Pérez.

"P.—¿Cuántos años tiene?

"R.—Pues, yo tengo 76 para 77.

"P.—Ud. radicó aquí un auto de hábeas corpus ante este Tribunal, trajo esta acción, el hábeas corpus éste. ¿Ud. fue convicto de qué delito?

"R.—Bueno, a mi se me acusó de asesinato en primer grado.

"P.—¿Ud. fue representado por abogado?

"R.—Aquí vino un abogado y fue allá y me dijo que si tenía dinero; yo le dije que tenía insolvencia. Dijo, 'Ud. no se puede reunir, Ud. no tiene que me dé aunque sea $40 ó $50' y yo dije que yo era un insolvente, que no podía.

"P.—Según Ud. alega en este auto, el abogado fue un abogado que le nombraron de oficio. ¿Desde el momento de la lectura de la acusación hasta el día del juicio Ud. vio este abogado? ¿Él lo fue a ver a Ud.? ¿Algún momento consultó con Ud.?

"R.—Él fue allá donde yo estaba en la cárcel.

"P.—¿Lo fue a ver a la cárcel?

"R.—Sí, señor.

"P.—¿Entonces lo fue a ver a la cárcel y consultó con Ud., preparó su caso?

"R.—Me dijo que me hiciera culpable.

"P.—Le dijo que se hiciera culpable.

"LA CORTE: Pero eso no fue lo que pasó en Corte.

"LCDO. GUTIÉRREZ: ¿Ud. no se declaró culpable?

"R.—Yo, no señor.

"P.—Fue a juicio.

"LA CORTE: El Jurado trajo un veredicto después que oyó la prueba.

"LCDO. GUTIÉRREZ: ¿Ud. alega también en este auto que no había testigos oculares en cuanto al delito?

"R.—Allí no había nadie, eso fue como a las 11 y media de la noche y yo estaba durmiendo.

"P.—¿Ud. encuentra que el veredicto de asesinato en primer grado, no habiendo testigos oculares en cuanto a la prueba de premeditación y alevosía y todas esas cosas, fue severo?

"R.—Y los testigos eran primohermanos, se llamaba Pedro Maldonado Fontanes, primohermano del difunto y el otro era familia también.. Pedro Maldonado vive como a 125 cuerdas retirado; eso fue por la noche, yo estaba dormido. Ese hombre llegó con un grupo.

"LA CORTE: Todo eso lo oí yo.

"R.—Llegó con un grupo, llegaron 3, y yo estaba dormido. Entonces, desperté cuando cortó el hermano la hamaca, todo eso, y caí, se me tiraron encima, prendieron el farol, apagaron y borracho me dijo, 'yo no lo quiero aquí, se va de aquí. Yo dije, 'bueno, yo me voy'.

"LCDO. GUTIÉRREZ: ¿Cuánto le echaron, perpetua?

"R.—Reclusión perpetua.

"P.—Es todo.

"LA CORTE:¿Quiere preguntar?

"EL FISCAL: No hace falta, Su Señoría, según él declara, sería cuestión de apreciación de la prueba.

"LA CORTE: Se puede retirar. Se declara sin lugar el auto de hábeas corpus. Fue a juicio y en el juicio, lo declaró culpable el Jurado." ▋

Lo anterior demuestra que en verdad no se investigó adecuadamente la alegación del peticionario al efecto de que la asistencia de abogado que tuvo en el juicio por asesinato

en primer grado fue *pro-forma*. La vista no llenó su cometido. La única determinación que hizo el juez de instancia fue al efecto de que "[f]ue a juicio y en el juicio, lo declaró culpable el Jurado". El apelante es un hombre de 76 años, condenado a la pena de reclusión perpetua, sin oportunidad de establecer, sin ayuda de un abogado, la alegación en que funda su contención de detención ilegal. El abogado que lo representó en la vista del hábeas corpus, no hizo esfuerzo alguno para tratar siquiera de establecer la contención del peticionario. Debe ser norma de los jueces que conozcan de peticiones de hábeas corpus estar alertas para investigar los hechos que se alegan convierten en ilegal la prisión del peticionario, para poder entonces hacer una más justa determinación. El Tribunal Supremo de los Estados Unidos ha establecido esa misma norma para los jueces federales. A ese efecto se dijo en *Johnson* v. *Zerbst*, 304 U.S. 458 (1938): "Un juez de los Estados Unidos—a quien se le ha sometido una petición de hábeas corpus—debe estar alerta para investigar 'los hechos él mismo cuando de ser ciertos, el juicio resultaría absolutamente nulo'." Ver además *Moore* v. *Dempsey*, 261 U.S. 86 (1923); *Mothershead* v. *King*, 112 F.2d 1004 (8vo. cir. 1940). Si sancionáramos lo ocurrido en este caso estaríamos vulnerando el respetable y fundamental derecho al hábeas corpus. Si ésa fuera la manera de conocer de una petición de hábeas corpus, el "célebre auto" no sería en verdad garantía para la libertad de los ciudadanos. ■

*Se revocará la sentencia apelada y se devolverá el caso para una nueva vista que deberá celebrarse ante un magistrado distinto del que presidió la vista en el caso de asesinato, siguiendo la norma aconsejada en Capeles v. Jefe Penitenciaría, 83 D.P.R 694 (1961). La Sala de Humacao hará las determinaciones pertinentes.*