## BAYLESS v. UNITED STATES.

### No. 12684.

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1945.

Donald H. Latshaw, of Kansas City, Mo., for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken from a judgment on jury verdict rendered July 15, 1943, convicting the appellant of a violation of 18 U.S.C.A. § 408, the National Motor Vehicle Theft Act, committed on the 8th day of September, 1937, and sentencing him to five years' imprisonment, to be served consecutively after another twenty year sentence for another crime which we considered in Bayless v. United States, 147 F.2d 169.

The record shows that prior to the trial of this case appellant duly filed his plea in bar in which he alleged that he had been arraigned upon the indictment herein on the 31st day of January, 1938, and had then pleaded guilty thereto and had then been sentenced to imprisonment on account of the crime charged in the indictment for the term of five years, being the maximum imprisonment under the statute. That it was a condition of the sentence of 1938 that it should be served concurrently with another sentence of twenty years then being imposed upon appellant for another crime. That the appellant had been subjected to imprisonment pursuant to the five year sentence so rendered against

him on account of the crime charged against him in the present indictment and had served the full measure of the imprisonment therein prescribed, having remained incarcerated under said sentence in the federal penitentiaries at Leavenworth and Alcatraz Island from February 1, 1938, until the 8th day of. May, 1943. That on said 8th day of May, 1943, he was discharged from imprisonment at Alcatraz pursuant to a writ of habeas corpus, and taken before the court at Kansas City to answer to the same indictment for the same violation of the Dyer Act. That the attempt of the government to subject the appellant to trial upon this indictment for the identical offense for which he had suffered the full punishment prescribed in the sentence rendered thereon was contrary to the Fifth Amendment to the constitution and constituted double jeopardy, forbidden by the amendment, and that he was entitled to be discharged from any further proceedings under this indictment.

The allegations of the plea in bar appear not to have been traversed by the government, and from the record as a whole it appears that they are true. Nevertheless, the plea in bar was overruled and the trial upon the indictment herein to which the appellant was thereupon subjected resulted in his conviction and the imposition of a new sentence to five more years' imprisonment from which he appeals.

We are satisfied that the plea in bar stated a complete defense to the further prosecution of appellant under the indictment herein and the plea in bar should have been sustained.

Though it appears that while appellant was imprisoned in Alcatraz he obtained a writ of habeas corpus which discharged him from imprisonment in May, 1943, the record before us does not include the habeas corpus proceedings. But from February 1, 1938, up until February 1, 1943, appellant was serving the other longer sentence for his other crime concurrently with his five-year sentence under the present indictment. We may assume that as appellant was held under two sentences up to February 1, 1943, probably both were alleged in his petition for habeas corpus. But obviously after February 1, 1943, when he had completed five years' imprisonment, appellant would not knowingly invite inquiry into the validity of the sentence that he had then completely served. The five-year sentence on its face had ceased to afford grounds for detaining him in prison, and upon that fact appearing, the judge in the habeas corpus proceedings would have no occasion to inquire into the validity of the sentence. Whether valid or invalid, it had served the purpose of a valid sentence and had caused the maximum imprisonment for the crime to be served and all questions as to whether it ought to have been rendered or not were entirely moot.

It is the theory of the government that the action of the court in the habeas corpus proceedings operated to avoid the former plea of guilty and the five year sentence rendered thereon and to restore the prosecution for trial. But that action was not taken until more than three months after the full five year term of imprisonment had been served and after the sentence had been fully executed, according to the uncontradicted allegations of the plea in bar. The habeas corpus proceedings could not, therefore, justify such restoration of the prosecution.

So far as we have been able to discover, this appeal presents the only instance in our history where a man who has been sentenced and has served the maximum imprisonment for a crime has then been brought back and in the face of that record retried on the same charge and sentenced to serve the maximum over again. We do not sanction the precedent.

On the record before us we hold that the judgment and sentence appealed from undertake to punish the appellant twice for the same offense, contrary to the Fifth Amendment, and are erroneous. The judgment is reversed with direction to set aside the verdict and recall any commitment that may have issued under the sentence.

Reversed with directions.