{¶ 1} Appellant Lauren Marie Whatley is appealing the adjudication and disposition of the delinquency judgment rendered against her by the Mahoning County Court of Common Pleas, Juvenile Division. Appellant entered pleas of admission to felonious assault with a gun specification, escape, and assault, as part of a plea agreement involving seven separate juvenile cases. After two hearings, the trial court placed Appellant in the care of the Department of Youth Services (DYS) for 42 months. On appeal, Appellant alleges that the trial court failed to comply with numerous aspects of Juv.R. 29, which requires the court to inform the juvenile of the substance of the complaint, the purpose of the hearings, and the possible consequences of the adjudication. Appellant asserts that her admission to various charges was not done knowingly, intelligently, or voluntarily, and that her counsel was ineffective for allowing her to enter the admission. Appellant also contends that the failure of the juvenile court to record various pretrial hearings is reversible error under Juv.R. 37. Appellant further argues that the procedure for imposing court costs was unlawful. The state has conceded error in all five assignments of error. The state agrees that the case should be reversed and remanded to the trial court. Seeing that both parties agree that reversible error occurred, Appellant's admissions *Page 3 
are withdrawn, and the juvenile court judgments, both as to adjudication and disposition, are hereby vacated and the case is remanded for further proceedings.
 {¶ 2} The following presentation of the history of the case is derived primarily from Appellant's brief and is not being challenged by Appellee. This appeal involves three juvenile delinquency complaints filed against Appellant that were ruled on in a judgment entry filed on March 14, 2006.
 {¶ 3} In Case No. 06 JA 229, Appellant was charged with being a delinquent child for committing felonious assault (R.C. § 2903.11, a second degree felony), with a gun specification. The charge arose from an incident that occurred on February 15, 2006, in which Appellant fired multiple shots from a .22 caliber rifle at her 14-year old sister in their home. Appellant was born on August 4, 1989, and was 16 years old at the time of the incident.
 {¶ 4} In Case No. 06 JA 280, Appellant was charged with being a delinquent child for escaping from previous juvenile confinement (R.C. § 2921.34, a third degree felony), misdemeanor assault (R.C. § 2903.13), felony assault (R.C. § 2903.13, a fourth degree felony), and aggravated menacing (R.C. § 2903.21, a first degree misdemeanor). These charges were based on events that occurred during Appellant's escape from the Mahoning County Juvenile Justice Center on East Scott Street in Youngstown on March 5, 2006.
 {¶ 5} In Case No. 06 JA 281, Appellant was charged with being a delinquent child for committing assault (R.C. § 2901.13, a fourth degree felony). This charge arose from a fight that Appellant had with a teacher on March 2, 2006. *Page 4 
 {¶ 6} On March 13, 2006, Appellant signed a written admission to felonious assault with a gun specification in Case No. 06 JA 229; to escape and assault in Case No. 06 JA 280; and to assault in Case No. 06 JA 281. The prosecutor agreed to dismiss the other two charges in Case No. 06 JA 280. That same day, the court held a hearing to resolve various issues in seven of Appellant's pending cases, including the cases involved in this appeal. At the hearing, the trial judge discussed various rights that Appellant was giving up as part of her admission to the charges. The court then briefly discussed the charges, and notified Appellant that she could be held in juvenile detention until age 21. The court accepted the plea, found Appellant to be delinquent, and immediately imposed a total of 42 months of confinement with the DYS. The trial court's judgment entry was filed on March 14, 2006, and this timely appeal followed on April 13, 2006. The court filed an amended judgment entry on March 17, 2006.
 {¶ 7} Appellant filed a lengthy brief on appeal, and the state responded with a one-sentence reply, which states: "The state concedes error as to Lauren Whatley's five assignments of error, and asks this Court to remand her case for further proceedings according to Juv.R. 29 and to grant no further relief."
 ASSIGNMENTS OF ERROR {¶ 8} Because the state has conceded error in each assignment, they will be treated together in summary fashion.
 {¶ 9} "THE TRIAL COURT VIOLATED LAUREN WHATLEY'S RIGHT TO DUE PROCESS WHEN IT ADJUDICATED HER DELINQUENT WITHOUT *Page 5 
CONDUCTING THE PROCEEDINGS IN ACCORDANCE WITH THE LAW. FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29(B)(1)-(2).
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT ACCEPTED LAUREN'S ADMISSION TO THE CHARGES OF RECEIVING STOLEN PROPERTY AND FAILURE TO COMPLY BECAUSE LAUREN'S ADMISSION WAS NOT KNOWING AND VOLUNTARY UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND JUV.R. 29(B) AND (D).
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF LAUREN WHATLEY WHEN IT FAILED TO CREATE A COMPLETE RECORD IN VIOLATION OF JUV.R. 37(A), THESIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION.
 {¶ 12} "THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY CONSIDER WHETHER TO IMPOSE COURT COSTS UPON LAUREN WHATLEY, AN INDIGENT MINOR CHILD.
 {¶ 13} "LAUREN WHATLEY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO ENSURE THAT HIS JUVENILE CLIENT WAS ENTERING A KNOWING, VOLUNTARY AND INTELLIGENT *Page 6 
ADMISSION AND FAILED TO OBJECT TO THE COURT'S IMPOSITION OF COSTS."
 {¶ 14} In Appellant's first two assignments of error she argues that the trial judge committed reversible error when it failed to follow the procedures for the adjudicatory hearing. These procedures are set forth in Juv.R. 29(B) and (D), which state:
 {¶ 15} "(B) Advisement and findings at the commencement of the hearing. At the beginning of the hearing, the court shall do all of the following:
 {¶ 16} "(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
 {¶ 17} "(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv. R. 30 where the complaint alleges that a child fourteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 {¶ 18} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 {¶ 19} "(4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;
 {¶ 20} "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer *Page 7 
evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.
 {¶ 21} "* * *
 {¶ 22} "(D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 23} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 24} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 {¶ 25} "The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule."
 {¶ 26} Appellant contends that the directives in Juv.R. 29 are mandatory and that failure to follow them is reversible error. This Court itself has held that Juv.R. 29 is mandatory. In re Royal (1999),132 Ohio App.3d 496, 502, 725 N.E.2d 685, citing In re Gault (1967), 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527; In re Graham, 7th Dist. No. 01-CA-92, 2002-Ohio-6615. The record gives no indication whether the trial court complied with Juv.R. 29(B)(1), which requires the court to ascertain whether notice requirements were met or waived. The court did recite the charges that made up the plea, but there was no explanation as to what those charges actually meant. *Page 8 
There was no discussion as to the possible consequences of Appellant's admissions to every charge and to the plea agreement in general. The court did not make it clear to Appellant that she faced mandatory confinement for two to four years on one charge alone, namely, the felonious assault charge with the gun specification. Appellant also received confusing and inconsistent information about the minimum and maximum amount of time she could have been held in juvenile detention. Appellant herself was under the mistaken impression that she could have received 66 months in DYS, when in fact, she could only be held until age 21. See R.C. §§ 2152.02(C)(6), 2152.16.
 {¶ 27} Based on the record and the agreement of both parties that reversible error occurred, Appellant's first two assignments of error are sustained, and Appellant's plea of admission, as well as the judgment of adjudication and disposition, are vacated.
 {¶ 28} Appellant's third assignment of error concerns whether the trial court's failure to record hearings on February 23rd, March 1st, and March 6th of 2006, constitute reversible error. Juv.R. 37 requires the juvenile court to make a record of all adjudicatory and dispositional hearings in juvenile cases. Failure to record these hearings is generally deemed reversible error, although in some circumstances it may be sufficient to create a substitute record pursuant to App.R. 9(C) or (D). In re B.E., 102 Ohio St.3d 388,2004-Ohio-3361, 811 N.E.2d 76. The combined adjudicatory and dispositional hearing on March 13, 2006, is part of the record (although it is misdated as May 1, 2006). We cannot determine what specific error *Page 9 
occurred, even if the taped records of certain non-adjudicatory hearings were lost, from the actual adjudicatory hearing that was recorded and is part of the record on appeal. Nevertheless, both parties agree that some type of error took place. Certainly, these hearings were held for which there is no record. Appellant's prayer for relief under the third assignment of error calls for a remand to conduct, "proceedings in accordance with Juv.R. 37(A)," and to this extent alone we sustain Appellant's third assignment of error.
 {¶ 29} Appellant's fourth and fifth assignments of error deal with the trial court's decision to impose court costs. Appellant's indigent status was a matter of record at the time that court costs were imposed. Nevertheless, the trial court stated that court costs were mandatory and imposed them as mandatory. R.C. § 2152.20(D) states that the court "may" impose court costs in a juvenile case, and the use of the word "may" in a statute usually signifies a discretionary act. Hubbard ex rel. Creedv. Sauline (1996), 74 Ohio St.3d 402, 408, 659 N.E.2d 781. The trial court was also required to consider imposing community service rather than financial sanctions on an indigent juvenile. R.C. § 2152.20(D). Therefore, it appears that the trial court erred in this regard and Appellant's fourth assignment of error is sustained.
 {¶ 30} There is no need to rule on whether Appellant's counsel was ineffective for failing to object to the trial court's error because the trial court's judgment is being vacated. Therefore, Appellant's fifth assignment of error is dismissed because it is moot. *Page 10 
 {¶ 31} Appellant's first, second, third and fourth assignments of error appear to have merit and Appellee agrees that there was reversible error. The judgment of adjudication and disposition are hereby vacated, as well as Appellant's plea of admission, and the case is remanded for further proceedings consistent with this Opinion. All future hearings must comply with Juv.R. 29 and 37.
 Donofrio, J., concurs. Vukovich, J., concurs. *Page 1