[Cite as *In re D.R.H.*, 2023-Ohio-1694.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY


IN THE MATTER OF:

D.R.H.,

ALLEGED DELINQUENT CHILD.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0095**

---

Juvenile Appeal from the
Court of Common Pleas, Juvenile Division
of Mahoning County, Ohio
Case Nos. 04JA1253, 05JA116, 05JA1822,
06JA819, 07JA829, 07JA830

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Rhys B. Cartwright-Jones*, 42 N. Phelps Street, Youngstown, Ohio 44503 for Appellant and

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor*,* Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503 for Appellee.

Dated: May 18, 2023

**Robb, J.**

**{¶1}** Appellant, D.R.H, appeals the July 29, 2022 judgment rendered in six separate Mahoning County Juvenile Court cases. The judgment appealed collectively addresses and overrules Appellant's post-sentence motions to vacate his plea agreements in each case.

**{¶2}** Appellant contends the trial court's record of its acceptance of Appellant's admission to the complaints in these six cases either fails to show the court complied with or that it did not actually comply with Juv.R. 29(D). As a result of the court's alleged failure in each case, Appellant claims the trial court violated his constitutional right to due process, requiring us to vacate his six pleas of admission and sentences. For the following reasons, we affirm.

## STATEMENT OF THE CASE

**{¶3}** According to Appellant's six motions to vacate his pleas and convictions, he is 33 years old and is being sentencing in a federal criminal case. As part of his federal sentencing, the United States is considering Appellant's six Mahoning County juvenile delinquency adjudications, which according to Appellant, will significantly increase his federal sentence. In an effort to reduce his pending federal sentence, Appellant challenges his juvenile adjudications and claims each is void and a violation of the Fifth, Sixth, and Fourteenth Amendments and Juv.R. 29. (June 28, 2022 Motions to Vacate.)

**{¶4}** His motions contend that of his six juvenile delinquency cases and pleas of admission, the trial court was only able to produce a transcript or an audio recording of the hearing in one case. Thus, he claims the state cannot show it complied with Juv.R. 29 in five out of the six juvenile matters. As for the one case in which Appellant did secure a transcript of his plea hearing, he claims the trial court failed to comply with Juv.R. 29.

**{¶5}** The state opposed Appellant's motion in each juvenile case, arguing the test governing post-sentence motions to withdraw plea agreements in criminal matters, in Crim.R. 32.1, does not show Appellant was entitled to relief because he did not establish a "manifest injustice." The trial court overruled Appellant's six duplicate motions via the same judgment separately filed in each of his six juvenile cases.

Case No. 22 MA 0095

## Juvenile Case Number 2004 JA 1253

{¶6}   The oldest of the six cases where Appellant sought to withdraw his plea of admission is juvenile case number 2004 JA 1253.  In this case, Appellant was charged as a delinquent child via an August 16, 2004 Complaint.  It alleged Appellant was fourteen years old and charged him with receiving stolen property, i.e., an automobile, a fourth-degree felony.  He initially denied the charge and was appointed counsel.  (August 19, 2004 Magistrate's Decision.)

{¶7}   The court subsequently held a pre-trial hearing at which the court granted the state's motion to amend the charge from receiving stolen property, a fourth-degree felony, to receiving stolen property in violation of R.C. 2913.51, a first-degree misdemeanor. (September 16, 2004 Magistrate's Order.)  Appellant admitted to receiving stolen property and was sentenced to 90 days in juvenile detention, which was suspended; probation; and was ordered to pay restitution and a fine.  He was represented by counsel and was accompanied by his mother at the time of the plea.  (September 16, 2004 Order; September 23, 2004 Disposition Decision; October 19, 2004 Judgment.) Appellant did not appeal.

{¶8}   Appellant's probation was negatively terminated on May 27, 2008 based on his failure to meet the terms and conditions of his probation.  (May 27, 2008 Negative Probation Termination.)

{¶9}   On May 16, 2019, the trial court issued an order noting the juvenile court no longer had jurisdiction over the matter because Appellant was 29 years old, and as such, the fines and costs imposed expired on his 21st birthday.  (May 16, 2019 Magistrate's Order.)

{¶10}  Seventeen years and three months after the September 2004 disposition, Appellant filed a motion seeking copies of the audio recordings and/or transcripts of his plea and sentencing hearings on January 13, 2022.  The court granted his motion and ordered the court reporter to transcribe the hearings.  (March 28, 2022 Judgment Entry.)

{¶11}  Thereafter, on June 28, 2022, Appellant filed his motion captioned "Motion to Vacate Pleas and Sentences and Request for Hearing."  Appellant alleged his plea should be vacated because the trial court record does not show that it complied with the

mandates in Juv.R. 29(B) and (D) or that the trial court conducted a colloquy concerning Appellant's Fifth and Sixth Amendment rights.

**{¶12}** Appellant contends he only received a copy of one hearing transcript in this case. However, attached to his motion to vacate are two hearing transcripts in this case, i.e., an August 16, 2004 arraignment and a September 16, 2004 adjudication hearing, but not a copy of the plea hearing or a recording of it. During the arraignment, the court reviewed Appellant's rights with him before his initial plea of not guilty. The court reviewed the charges and potential consequences he was facing and reviewed Appellant's right to an attorney and his right to remain silent. (Tr. 5-8.) These transcripts are not filed in the trial court and are only attached to Appellant's motion to vacate.

**{¶13}** Contrary to Appellant's assertion, there is no trial court judgment indicating a lack of plea and sentencing hearing transcript or record. There is likewise no evidence showing there was no recording or transcript made of his plea hearing. Instead, this allegation is only in Appellant's motion and Appellate brief.

**{¶14}** In response, the state urged the trial court to overrule his motion to vacate because Appellant failed to provide the court with authority in support of his motion, and upon applying the post-sentence motion to withdraw a plea agreement test or standard set forth in Crim.R. 32.1, Appellant failed to show a manifest injustice warranting the withdrawal of his plea. (July 26, 2022 Response.) As stated, the trial court overruled his motion to vacate. (July 29, 2022 Judgment.)

<u>Juvenile Case Number 2005 JA 116</u>

**{¶15}** In juvenile case number 2005 JA 116, a delinquency complaint was filed on February 1, 2005 charging Appellant with receiving stolen property, a fourth-degree felony, and criminal damaging, a second-degree misdemeanor. He was fifteen years old. (February 1, 2005 Complaint.) Appellant appeared with his mother at the arraignment, denied the charges, and was appointed counsel. (February 4, 2005 Magistrate's Decision.)

**{¶16}** He failed to appear for a November 30, 2005 hearing. The court issued an order of apprehension, and Appellant was eventually apprehended in March of 2006. (March 21, 2006 Magistrate's Decision.)

{¶17} On May 9, 2006, the trial court accepted Appellant's plea of admission to the charge of receiving stolen property and granted the state's motion to dismiss the second charge, criminal damaging. The Magistrate's Decision indicates the court reviewed the plea with Appellant and reviewed the juvenile's rights he was waiving by his admission. (May 9, 2006 Magistrate's Decision.) The trial court adopted the Magistrate's Decision and Appellant's plea of admission.

{¶18} Before the disposition hearing was held, Appellant was charged with new charges of theft, a first-degree misdemeanor, and criminal damaging, a second-degree misdemeanor under a new case number. (July 19, 2006 Magistrate's Order.) Appellant had failed to comply with the terms of his probation. (August 9, 2006 Judgment.) The court held one consolidated disposition hearing and issued one judgment setting forth his disposition in each case. (October 12, 2006 Judgment Entry.) Appellant did not appeal.

{¶19} His probation was negatively terminated in May of 2008, and on May 6, 2019, the court issued an order noting it no longer had jurisdiction over the case since Appellant was 29 years old. (May 6, 2019 Magistrate's Order.)

{¶20} Approximately 15 years and five months after the October 2006 disposition, Appellant filed a motion seeking copies of his plea hearing and sentencing transcripts, which the trial court granted. (March 28, 2022 Judgment.) There is no judgment or recorded evidence indicating these hearings were not recorded or transcribed in this case. However, on June 28, 2022 Appellant filed his motion to vacate based on this premise, which the trial court overruled. (June 28, 2022 Motion to Vacate; July 29, 2022 Judgment.)

Juvenile Case Number 2005 JA 1822

{¶21} In juvenile case number 2005 JA 1822, Appellant was charged via a November 2005 complaint with felonious assault, a second-degree felony, and aggravated menacing, a first-degree misdemeanor. He was 15 years old at the time.

{¶22} On May 9, 2006, Appellant entered a plea of admission to the felonious assault charge with the state moving to dismiss the aggravated menacing charge, and the disposition was continued. (May 9, 2006 Magistrate's Decision; June 8, 2006 Judgment.) Appellant was again charged with additional offenses, and the disposition was continued as a result.

{¶23} The trial court adopted the magistrate's dispositional decision sentencing Appellant. (October 12, 2006 Judgment.) No appeal was filed.

{¶24} Appellant's probation was negatively terminated in May of 2008. (May 27, 2008 Judgment.) In May of 2019, the court issued an order indicating it no longer had jurisdiction over the case since Appellant was 29 years old. (May 6, 2019 Magistrate's Order.)

{¶25} In August of 2021, about 14 years and ten months after disposition, Appellant moved for copies of the transcripts or recordings of his plea and sentencing hearings. The trial court issued a judgment indicating "Counsel's Motion to Request for the Transcript of Hearing on September 27, 2006, was not available to be transcribed." (September 8, 2021 Judgment.) The judgment does not indicate the reason the hearing could not be transcribed or whether the hearings were originally recorded.

{¶26} As in his other cases, Appellant moved to vacate his plea and sentence, which the trial court overruled. (June 28, 2022 Motion to Vacate; July 29, 2022 Judgment.)

### Juvenile Case Number 2006 JA 819

{¶27} In juvenile case number 2006 JA 819, Appellant was charged via a June 9, 2006 complaint with theft, a first-degree misdemeanor, and criminal damaging, a second-degree misdemeanor. He was 16 years old. (June 9, 2006 Complaint.)

{¶28} Appellant eventually entered a plea of admission to both charges, and the disposition hearing was held September 18, 2006 before a magistrate. The trial court adopted the magistrate's decision ordering intensive probation, among other sanctions. (October 12, 2006 Judgment.) No appeal was taken.

{¶29} In October of 2007, Appellant was charged with four more delinquency charges. Appellant's probation was negatively terminated. In May of 2019, the court issued an order indicating it no longer had jurisdiction over the case since Appellant was 29 years old. (May 27, 2008 Judgment; May 6, 2019 Magistrate's Order.)

{¶30} In January of 2022, more than 15 years after disposition, Appellant moved for copies of the transcripts or recordings of his plea and sentencing hearings, which the trial court granted. (March 28, 2022 Judgment.)

Case No. 22 MA 0095

{¶31} There is no recorded evidence or court judgment indicating that the transcripts were unavailable or that the hearings were not recorded. Appellant moved to vacate his plea and sentence arguing a lack of transcript, and the trial court overruled his motion. (June 28, 2022 Motion to Vacate; July 29, 2022 Judgment.)

Juvenile Case Number 2007 JA 829

{¶32} In juvenile case number 2007 JA 829, Appellant was charged with three counts: possession of drugs, a fourth-degree misdemeanor; possession of drugs, a fourth-degree felony; and obstructing official business, a fourth-degree misdemeanor. (June 19, 2007 Complaint.)

{¶33} Appellant eventually entered a plea of admission to both drug possession charges, and the state moved to dismiss the obstructing official business count. (September 27, 2001 Plea Agreement.) The trial court accepted his pleas of admission and held the dispositional hearing. (October 23, 2007 Judgment.) Appellant did not appeal.

{¶34} In May of 2019, the court issued an order indicating it no longer had jurisdiction over the case since Appellant was 29 years old. (May 16, 2019 Magistrate's Order.)

{¶35} Fourteen years after disposition, Appellant moved for copies of the transcripts or recordings of his plea and sentencing hearings in January of 2022, which the trial court granted. (March 28, 2022 Judgment.) There is no recorded evidence or court judgment indicating the transcripts were unavailable or that these hearings were not recorded.

{¶36} Appellant moved to vacate his plea and sentence arguing a lack of transcript, and the trial court overruled his motion. (June 28, 2022 Motion to Vacate; July 29, 2022 Judgment.) A copy of what appears to be a consolidated plea hearing for juvenile case numbers 2007 JA 829 and 2007 JA 830 is attached to Appellant's motion to vacate and marked as exhibit four. This transcript is not filed in the trial court or this court. Nevertheless, the copy of the September 20, 2007 hearing transcript shows the following.

{¶37} At the beginning of the hearing, the state outlines the plea agreement. Appellant's defense counsel then spoke and stated:

On behalf of Mr. Hackett (inaudible) complete form. I think he understands an admission of these charges. It's a complete admission to (inaudible). He understands he's giving up his right to have a trial to His Honor, to the judge. He knows he's giving up his right to have witnesses (inaudible) witnesses to cross-examine (inaudible). Most importantly he understands the maximum penalties for the felonies (inaudible) each one, six months to (inaudible) to the Department of Youth Services.

He's heard the prosecutor's recommendations. He understands (inaudible) may be. His mother has gone over the form with him. He also has a guardian ad litem that talked about it this morning. And with the – I can say this with full and complete confidence that Mr. Hackett is ready today to enter an honest, intelligent admission to all these charges.

(September 20, 2007 Tr. 3-4.)

**{¶38}** The court then addressed Appellant personally and ensured he could read and write before the following exchange.

THE COURT: You've heard what your lawyer just had to say?

SUBJECT CHILD HACKETT: Yes, sir.

THE COURT: You think you understand it?

SUBJECT CHILD HACKETT: Yes, sir.

THE COURT: Okay. Explained all your constitutional rights, all the various things you can do to fight these charges and the fact that you're giving up those rights if you plead to this; do you understand that?

SUBJECT CHILD HACKETT: Yes, sir.

(September 20, 2007 Tr. 4-6.)

**{¶39}** Thereafter, the court confirmed Appellant was not under the influence before individually addressing the guardian ad litem and Appellant's mother to ensure that each reviewed the plea and agreed it was in Appellant's best interest. (September 20, 2007 Tr. 6-9.)

Case No. 22 MA 0095

<u>Juvenile Case Number 2007 JA 830</u>

**{¶40}** In juvenile case 2007 JA 830, Appellant was charged with two counts, carrying a concealed weapon, a fourth-degree felony, and having weapons while under disability, a fifth-degree felony. He was 17 years old. (June 19, 2007 Complaint.)

**{¶41}** Appellant eventually entered a plea of admission to both charges, and the court issued a disposition order. (October 4, 2007 Judgment; October 23, 2007 Judgment.) No appeal was taken, but in January of 2008, Appellant moved the court to suspend the balance of his sentence, which the trial court overruled. (February 5, 2008 Judgment.)

**{¶42}** In May of 2019, the court issued an order indicating it no longer had jurisdiction over the case since Appellant was 29 years old. (May 16, 2019 Magistrate's Order.)

**{¶43}** In January of 2022, 14 years after disposition, Appellant moved for copies of the transcripts or recordings of his plea and sentencing hearings, which the trial court granted. (March 28, 2022 Judgment.)

**{¶44}** He then moved to vacate his plea and sentences contending in part the colloquy at his plea hearing was insufficient to show his plea was knowingly and voluntarily entered. The state filed an opposition, and the trial court overruled his motion. (June 28, 2022 Motion to Vacate; July 29, 2022 Judgment.)

**{¶45}** As stated, Appellant collectively appeals the six duplicate judgments rendered in his six separate juvenile cases in this appeal. He raises one assigned error.

## ASSIGNMENT OF ERROR

**{¶46}** Appellant's sole assignment of error asserts:

"The trial court erred in denying the appellant's motion to vacate this plea and sentence."

**{¶47}** Appellant claims his pleas and convictions must be vacated because the trial court failed to advise him of the constitutional rights he was waiving upon entering his pleas of admission and the court failed to keep a record of the plea colloquy in his juvenile cases. Appellant contends because the trial court failed to comply with Juv.R. 29(B) and (D), his pleas must be vacated regardless of whether he was prejudiced.

**{¶48}** In the juvenile context, an "admission" is analogous to a guilty plea. *In re Beechler*, 115 Ohio App.3d 567, 571, 685 N.E.2d 1257 (4th Dist.1996). Like Crim.R. 11(C), Juv.R. 29(D) requires a trial court to inquire and ensure the admission is entered voluntarily, intelligently, and knowingly. *Id.* at 571-72, citing *In re Flynn*, 101 Ohio App.3d 778, 781, 656 N.E.2d 737 (1995), and *In re McKenzie*, 102 Ohio App.3d 275, 277, 656 N.E.2d 1377 (1995).

**{¶49}** Juv.R. 29(D) governs a court's acceptance of a plea of admission and states:

> (D) Initial Procedure Upon Entry of an Admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
>
> The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.

Further, Juv.R. 37(A) requires juvenile courts to make a record of all adjudicatory and dispositional hearings and hearings before magistrates. Appellant argues there was a lack of total compliance with Juv.R. 29(D) and (B), and as such, his pleas of admission must be vacated.

**{¶50}** Juvenile proceedings are governed by the Rules of Juvenile Procedure. Unlike the Rules of Criminal Procedure, there is no juvenile rule dictating the procedure for a motion to withdraw a plea. When the Rules of Juvenile Procedure do not set forth a procedure, courts may use any lawful manner not inconsistent with those rules. Juv.R. 45(B); *In re J.C.*, 4th Dist. Washington No. 09CA44, 2010-Ohio-1785, ¶ 24. Thus, courts have employed case law interpreting Crim.R. 32.1, which governs the withdrawal of a guilty plea, for guidance when addressing post-sentence motions in a juvenile case like here. *Id.*; *accord State v. Lockett*, 9th Dist. Summit No. 17523, 1996 WL 99772, *1, citing

*In the Matter of Blackmon*, 7th Dist. Belmont No. 94-B-2, 1995 WL 310057, *2 (May 17, 1995).

**{¶51}** Post-sentence motions to withdraw a plea should only be granted in extraordinary circumstances. *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). And Crim.R. 32.1 only permits post-sentence motions to withdraw guilty pleas "to correct a manifest injustice." *Id.* The defendant has the burden of proof to show a manifest injustice, which has been defined as a clearly unjust act showing a fundamental flaw in the proceedings that results in a manifest miscarriage of justice. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 14.

**{¶52}** Moreover, trial courts enjoy broad discretion in determining the disposition of a motion to withdraw a guilty plea. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). An abuse of discretion finding requires an appellate court to find the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994).

**{¶53}** Here, Appellant was charged as a juvenile delinquent in six different cases with varying offenses before entering pleas of admission in each. Appellant had court-appointed counsel and was accompanied by his mother throughout the proceedings in each of his cases. According to Appellant, three of Appellant's juvenile cases allegedly have no transcript or record of the plea hearings available; one of Appellant's cases contains a judgment entry showing the plea transcript was "unavailable"; and two cases had the consolidated plea hearing transcript available, but it is not filed. Appellant claims this single plea transcript shows the trial court did not comply with Juv.R. 29(D). Yet no direct appeal was taken in any of his six cases.

**{¶54}** Appellant is not alleging the state made improper or illegal representations to induce his pleas or other impermissible conduct by state agents. Appellant moved to vacate his pleas and sentences only because Appellant realized his juvenile delinquency adjudications increased his federal criminal sentencing as an adult.

**{¶55}** Appellant does *not* contend he was unaware of his constitutional rights or that he would not have entered his six separate pleas of admission had he been properly advised. Appellant likewise does not contend that he was innocent; there is newly discovered evidence; or he had certain defenses his trial attorney failed to inform him

about. Instead, his argument is that vacation of his pleas and sentences are required based on a lack of record showing his advisement in four cases and the insufficient plea colloquy in the other two, regardless of prejudice, because of the impact on his federal sentence being imposed more than 14 years later.

**{¶56}** When contemplating a *pre*-sentence motion to withdraw a plea in a criminal case, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, *supra*, at 264 citing *Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir.1966). This case involves six post-sentence motions to withdraw or vacate his pleas filed more than 14 to 17 years after his disposition in each of his juvenile cases. Moreover, Appellant does not contend there was a manifest injustice warranting the motions to withdraw his pleas of admission nor does this court detect a fundamental flaw in the proceedings. *Id.* Thus, we find no error, let alone a manifest injustice, and as such, we affirm the trial court's decisions overruling Appellant's six motions to vacate his pleas of admission.

**{¶57}** We recognize the overwhelming importance of one's waiver of constitutional rights attendant to entering a plea of admission and the juvenile rule requiring the recording of hearings, which is designed to ensure a plea is intelligently, voluntarily and knowingly made and enable appellate review. *See State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

**{¶58}** However, the cases Appellant relies on for the contention that the lack of recording or lack of record requires reversal and vacation of a plea of admission are inapplicable here. Appellant quotes case law addressing comparable arguments in wholly distinguishable cases. He relies on cases addressing a lack of record where the appellant challenged the validity of their plea and the lack of a hearing transcript to establish whether their plea was intelligently, knowingly, and voluntarily made in direct appeals. *See In re Whatley*, 7th Dist. Mahoning No. 06 MA 56, 2007-Ohio-3039, ¶ 1; *Matter of Dikun*, 11th Dist. Trumbull No. 96-T-5558, 1997 WL 752630, *2; *In re C.L.P.*, 7th Dist. Mahoning No. 08 MA 58, 2010-Ohio-1004, ¶ 36; and *In re Royal*, 132 Ohio App.3d 496, 500, 725 N.E.2d 685 (7th Dist.1999).

**{¶59}** Appellant does *not* direct this court's attention to cases in which a motion was filed more than a decade after the final judgment was rendered, in which no direct appeal was taken, and in which the appellant does not otherwise challenge the intelligent, knowing, or voluntariness of his plea. This is likely because res judicata generally bars a defendant from raising arguments in a post-sentence motion to withdraw a guilty plea which the defendant actually raised or could have raised on direct appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 58-60, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

**{¶60}** Because Appellant could have raised his arguments here in direct appeals from his juvenile cases, his arguments are barred by res judicata. *Id.* Appellant's assigned error is overruled.

## CONCLUSION

**{¶61}** Based on the foregoing, the trial court did not abuse its discretion by overruling Appellant's six motions to vacate. Appellant fails to show a manifest injustice incurred in any of his six juvenile cases. Moreover, Appellant's argument is also barred by res judicata. The trial court's decisions are affirmed.

D'Apolito, P. J., concurs.

Hanni, J. concurs.

Case No. 22 MA 0095

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**